#### IN THE

## SUPREME COURT OF THE STATE OF GEORGIA,

### AT DECATUR,

### AUGUST TERM, 1852.

Present—JOSEPH H. LUMPKIN, ⎫
        HIRAM WARNER,      ⎬ Judges.
        EUGENIUS A. NISBET. ⎭

---

No. 1.—SAMUEL H. JACKSON, plaintiff in error, *vs.* THE STATE
OF GEORGIA, defendant.

[1.] The Act of the Legislature, passed the 12th of January, 1852, to guard
and protect the citizens of this State, against the unwarrantable and too
prevalent use of deadly weapons, and to repeal the Act of 1837 upon this
subject, and declaring null all laws and parts of laws which militate
against its provisions, does not, either in express terms, or by necessary
implication, repeal the 34th section of the XIVth Division of the Penal
Code of 1833, which enacted, that all crimes and offences committed,
shall be prosecuted and punished under the laws in force at the time, not-
withstanding the repeal of such laws, before the trial takes place.

Indictment for carrying concealed weapons. Motion in arrest
of judgment, in Coweta Superior Court. Decided by Judge HILL,
March Term, 1852.

The plaintiff in error was placed upon his trial, and found
guilty of "carrying concealed weapons," at the March Term,
1852, of Coweta Superior Court. On the trial, the offence was

proved to have been committed on the 15th day of January, 1851, by the defendant carrying a bowie-knife, in a "concealed manner."

A motion in arrest of the judgment was made, on the ground that the Statute of 1837, making it penal "to carry concealed weapons," was repealed by the Act of 1851, which was enacted after the finding of the indictment, and before trial and conviction thereon.*

The Court overruled the motion, and counsel for the defendant excepted.

SIMS & BURCH, for plaintiff in error.

Solicitor General TIDWELL, for defendant.

---

*Note.—The following is the Act of 1851:

"An Act to prohibit the sale of deadly weapons, and to prescribe the manner of carrying the same, and to punish for the violation of the same, and to repeal an Act entitled An Act to guard and protect the citizens of this State against the unwarrantable and too prevalent use of deadly weapons, assented to the 25th of December, 1837."

"SEC. 1. Be it enacted by the Senate and House of Representatives of the State of Georgia, in General Assembly met, and it is hereby enacted by the authority of the same, That from and after the passage of this Act, it shall not be lawful for any person or persons whatever, to have or carry about their persons, any pistol (except horseman's-pistols) dirk, sword in a cane, spear, bowie-knife, or any other kind of knives manufactured and sold for the purpose of offence or defence, save and except in the manner and mode hereinafter mentioned.

"SEC. 2. No person or persons shall have or carry about their persons, any one or more of the weapons enumerated, and embraced in the 1st section of this Act, except such person or persons shall have or carry such weapon or weapons, in an open manner, and fully exposed to view.

"SEC. 3. Any person or persons, violating any of the provisions of this Act, shall be guilty of a misdemeanor, and on conviction, shall be punished by fine or imprisonment, or both, at the discretion of the Court.

"SEC. 4. An Act entitled An Act to guard and protect the citizens of this State against the unwarrantable and too prevalent use of deadly weapons. Assented to December 25th, 1837, be, and the same is hereby repealed, and all laws and parts of laws militating against this Act be, and the same are hereby repealed. Approved January 12th, 1852." (*Manuscript Act.*)

Jackson *vs.* The State of Georgia.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Samuel H. Jackson having been indicted in Coweta County, for carrying a bowie-knife, in a concealed manner, contrary to the provisions of the Act of 1837, passed for the purpose of protecting the people against the use of deadly weapons; and the Act under which the prosecution was instituted having been repealed, by the Legislature, in January, 1852, before the trial and conviction for the offence, the question is, could the State proceed with the case?

[1.] It is conceded that but for the provision in the Penal Code, which declares that " all crimes and offences committed, shall be prosecuted and punished under the laws in force at the time of the commission of such crime or offence, notwithstanding the repeal of such laws before such trial takes place," that this proceeding must be abandoned. It is admitted on the other hand, that this clause in the Code, will save the case, provided it be not repealed by the Act of the last Assembly, abrogating the Statute of 1837.

The Act of 1852, re-enacts in substance, a portion of the Act of 1837 ; expressly repeals the Act of 1837, and declares void *all laws and parts of laws which contravene its provisions.* And this is the whole of it. What is there in the clause of the Penal Code continuing prosecutions under criminal Statutes, which may have been repealed, which interferes with the Act of 1852? Nothing. They are passed for a different purpose entirely, each having a specific object in view, which is totally dissimilar. The Act of 1852, was passed, as its title purports, to prohibit the sale of deadly weapons, and to prescribe the manner of carrying the same, and to punish for a violation of its provisions, and to repeal the Act of 1837. What antagonism is there, or can there be, between an Act passed for these purposes, and another which declares, that crimes shall be punished under the laws against which they are committed, notwithstanding the repeal of such laws? None whatever.

Suppose the 34th section of the Penal Code had been inserted in the Act of 1852, immediately after the clause repealing

the Act of 1837, and then the general clause had followed, repealing all laws which militated against its provisions. Would it have been imagined for a moment, that this latter clause, in general terms, would have repealed expressly or by necessary implication, the preceding reservation as to offences committed against the Act of 1837? It stands precisely upon the same footing as though this had been done. The general clause in the Penal Code, was adopted for the express purpose of doing away with the necessity of annexing such a reservation to each particular repealing Statute.

We know the mischief which this clause in the Code of 1833 was intended to remedy. There was an interregnum at one period in the administration of the criminal justice of the State; a general jail delivery; a perfect jubilee among felons, owing to an oversight in the Legislature in abolishing temporarily the Penitentiary system and then re-establishing it again, without making any provision similar to this in the Code of 1833, for the punishment of offences previously committed. Inadvertencies of a like character, were continually occurring; and to guard against the evils of such oversight, this general clause, applicable to all cases, was incorporated in the Code. To repeal it, must be done in direct terms, or by unavoidable implication. Neither is true in the case before us.

Why should it be presumed, that the Legislature intended to withdraw a particular class of cases from the operation of this salutary enactment, and leave it in force in all others? and that too, in an Act which continues the very same offences, for which the plaintiff in error stands indicted under the old law? Had the Legislature abolished the crime itself, by the Act of 1852, there would have been more plausibility in the argument. But having re-enacted the same offence as it existed by the Statute of 1837, it is incredible, that they designed to have exempted this particular defendant, and others similarly situated, from the operation of the clause in the Penal Code under consideration.

But apart from all this, there is another view of this subject, which is conclusive against the defence set up in this case; and that is, that the title of the Act of 1852, does not allude to

any such object.   It is definite and specific in its purposes, and does not extend to the repeal of this provision.   It was passed, " to prohibit the sale of deadly weapons—to prescribe the manner of carrying the same, and to punish for a violation of its provisions, and to repeal the Act of 1837." If the law, therefore, expressly in the body of it, repealed the provision in the Code of 1833, which we have been discussing, we should be compelled to pronounce it a nullity, on the ground that it was repugnant to the 17th section of the 1st article of the State Constitution, inhibiting the passage of any bill which contains matter different from that expressed in the title.

We have no hesitation in affirming the judgment of the Court below.