The sheriff testified that he subpoenaed all of the witnesses who were in the court, with whose names the defendant acquainted him when he was arrested the afternoon before, and they were present in court. It must be borne in mind, however, that at the time that the defendant gave the list of witnesses to the sheriff he had not employed counsel, and it does not appear that his present counsel had even been consulted with a view to employment; on the contrary, he had been told that no accusation would be preferred against the defendant. To hold one accused of crime and incarcerated in jail to the rule that he is not entitled to the presence of any witnesses except those whom he, in his ignorance of the law, may deem to be important, and to deny him the right to have other witnesses present whose testimony is in fact material, though the materiality of their testimony might not be apparent until the employment of counsel, would be to give the prisoner the shadow of the right of counsel while depriving him of the substance of the right.

*Judgment reversed.*

---

### 3142.  GAZAWAY v. THE STATE.

"No motion in arrest of judgment shall be sustained for any matter not affecting the real merits of the offense charged in the indictment." The indictment in the present case was demurrable, but not void, and the court did not err in refusing to arrest the judgment. The decision is controlled by the ruling of this court in *Lanier* v. *State*, 5 *Ga. App.* 472 (63 S. E. 536). "One who waives his right to be tried upon an indictment perfect in form as well as substance, and takes his chances of acquittal, will not be heard, after conviction, to urge defects in the indictment, unless those defects are so great that the accusation is absolutely void." "Exceptions which go merely to the form of the indictment, if not taken before joinder of issue, are considered to be waived."

DECIDED APRIL 11, 1911.

Indictment for disturbing school; from Gordon superior court—Judge Fite. December 5, 1910.

*Maddox, McCamy & Shumate*, for plaintiff in error.

*T. C. Milner*, solicitor-general, *George W. Stevens*, contra.

RUSSELL, J.  The plaintiff in error was indicted for a violation of the statute which prohibits any person from wilfully interrupting

or disturbing "any public school, private school, or Sunday-school or any assemblage or meeting of any such school, lawfully and peacefully held for the purpose of scientific, literary, social, or religious improvement" (Penal Code (1910), § 424); and upon his conviction he moved to arrest the judgment. The indictment charged that the defendant did "unlawfully and with force of arms wilfully interrupt and disturb a congregation of persons assembled at a public school at Beason's schoolhouse in said county, then and there lawfully and peaceably held for scientific, literary, and sociable improvement, by then and there being intoxicated, and by cursing, and by loud and boisterous discourse, contrary to the laws of said State, the good order, peace, and dignity thereof."

The motion in arrest of judgment attacks the indictment as being defective in substance and void, and alleges that it does not charge any offense under the laws of Georgia. It may be that the indictment is ambiguous, and would have been subject to a demurrer, because the defendant was entitled to know, if he cared to know, the exact nature of the assemblage which he was charged with disturbing, and the exact relation of the assemblage to the school at Beason's schoolhouse, which it was alleged was assembled for literary, scientific, and social purposes; but he waived his right to demur. Upon the demurrer the accusation would have been construed most strongly against the State. Upon the motion in arrest of judgment it must be construed most strongly against the movant; and the motion will not reach any defects in the indictment, unless it be so fatally defective that judgment can not be entered upon it. A motion in arrest of judgment is available, whether the defendant has demurred or not; but where a defendant waives his right to demur, and takes his chances upon the verdict, he will not thereafter be heard to complain of defects in the indictment, unless they are so substantial as to render the trial entirely nugatory.

The point sought to be made in the present case is that in the indictment the congregation of persons mentioned is so plainly disconnected from the school that no offense is charged, for the reason that the statute does not penalize the disturbance of a congregation of persons, even though they be assembled at a schoolhouse, and for literary, scientific, social, or religious improvement. It is true that section 424 of the Penal Code of 1910 only includes within its protection public schools, private schools, Sunday-schools, and "any

assemblage or meeting of any such school" for the purposes mentioned; but it is obvious that this section also embraces any persons who may be lawfully present as spectators or guests at any of the exercises of any of these schools, either public or private, and if, therefore, we extend, as the legislature intended, the provisions of the law to occasions which naturally arise in the history of every school, when there is an assemblage of visitors who occupy only that relation to the school, it is very plain that the present indictment, though it might have been subject to demurrer, is not so defective as not to afford the basis for the entry of a lawful judgment upon the conviction. From the charge in the indictment it is reasonably inferable that the congregation of persons was not, as is insisted, disconnected from the school at Beason's schoolhouse.

The phrase "at a public school at Beason's schoolhouse," after the joinder of issue without demurrer, can only be held to mean that the public school was in session—either in ordinary or extraordinary session—and that the congregation of persons who were at the schoolhouse at that time constituted a part of the assemblage referred to in the code section which we have cited, gathered together, as alleged, for "scientific, literary, and sociable improvement." We do not think it can reasonably be inferred, as urged in the argument of learned counsel, that the congregation of persons to which reference is made in the indictment was assembled presumably for some other purpose at the schoolhouse, because it is stated that the congregation was at the school. Necessarily a school has no existence except during the periods when it is assembled as such, and it must necessarily be composed of teacher and pupils. If the congregation of persons in the present case was at the school, necessarily teachers and pupils were present; and the indictment alleges that they were there for the purposes mentioned in the code section. We do not think the inference can be indulged that there was a congregation of persons assembled at the schoolhouse for some purpose independent of the school; because the indictment, by implication at least, asserts that the school was being "held" at that time, and therefore the school was included in the assemblage designated as a congregation of persons. Certainly, after the verdict, the defendant can not be permitted to indulge in hair-splitting or mere verbal criticism.

The decision in this case is controlled by the ruling in *Lanier* v. *State*, 5 *Ga. App.* 472 (63 S. E. 536), in which we held that "every defendant has the right to be tried upon an indictment or accusation perfect in form and substance, but this right, like every other (even the right of trial itself), may be waived. One who waives his right to be tried upon an indictment perfect in form as well as substance, and takes his chances of acquittal, will not be heard, after conviction, to urge defects in the indictment, unless those defects are so great that the accusation is absolutely void."

The motion in arrest of judgment was properly overruled. A demurrer might have asked for more specific information as to the relation of the persons there assembled to the school which was being lawfully and peaceably held, and yet the language used so plainly indicates an assemblage of visitors or guests present at the schoolhouse in conjunction with the school, which was engaged in the purposes mentioned in the code, that really the only question presented is whether the legislature intended to extend immunity from disturbance to those persons who might be present at the public exercises of schools, as well as to the teachers and pupils. As we have already said, we think this was clearly within the purview of the legislative intent. "Penal laws should be construed strictly, but they should not be so construed as to defeat the obvious intention of the General Assembly." *Atlantic Coast Line R. Co.* v. *State*, 135 *Ga.* 554 (69 S. E. 725). *Judgment affirmed.*