murder." *Held:* This excerpt from the charge is not erroneous, but is a correct presentation of the law applicable to the charge in the indictment. The specific intent to kill unjustifiably constitutes legal malice, whether death results or not. And where an assault is made with a deadly weapon, or a weapon likely to produce death, with a specific intent to kill, the jury are authorized to infer the existence of malice in the assault.

2. The evidence supports the verdict, and no material error of law appears.

                                              *Judgment affirmed.*

                      DECIDED MAY 7, 1912.

Indictment for assault with intent to murder; from Warren superior court—Judge Walker. February 27, 1912.

*L. D. McGregor,* for plaintiffs in error.

*Thomas J. Brown,* solicitor-general, contra.

---

### 4100. LAMBERT *v.* THE STATE.

POTTLE, J. After a verdict of guilty, judgment will not be arrested because a blank left in the indictment for the name of the county for which the grand jurors were sworn has not been filled, the name of the county being stated in the caption of the indictment. *Forrester* v. *State,* 34 *Ga.* 107.                               *Judgment affirmed.*

                      DECIDED MAY 7, 1912.

Indictment for carrying concealed weapon; from Pulaski superior court—Judge Martin. February 20, 1912.

*H. F. Lawson,* for plaintiff in error.

*E. D. Graham,* solicitor-general, contra.

---

### 4101. DEAL *v.* THE STATE.

HILL, C. J. No error of law is complained of, and the evidence demanded the verdict.                                      *Judgment affirmed.*

                      DECIDED MAY 7, 1912.

Accusation of sale of liquor; from city court of Springfield—Judge Smith. February 29, 1912.

*William H. Boyd,* for plaintiff in error.

*R. W. Sheppard,* solicitor, contra.