## 42816. POWELL v. THE STATE.

JOSLIN, Judge. The accused was convicted of breaking and entering with intent to commit larceny and sentenced for a term of three years. This appeal does not challenge the conviction of the accused of the crime charged but asserts error in the judge's charge to the jury on the fixing of sentence, and in imposing sentence upon the accused.

At the close of his instructions, the judge instructed as to the sentence the jury might properly give in the event of conviction. This instruction was proper under the then existing law requiring a determinate sentence for a specific number of years. *Code Ann.* § 27-2502. The record then shows a discussion at the bench, after which the judge instructed the jury to disregard his previous instructions as to the sentence. He then gave new instructions based upon a law which required the jury to prescribe an indeterminate sentence. *Code Ann.* § 27-2502. The jury returned a verdict of guilty and fixed the sentence "from three to five years," and the sentence of the court was made providing for the term of three to five years. On the same day, presumably after the first sentence, the court fixed the sentence to a three-year term.

It is evident from the record that both counsel and the judge were uncertain as to whether the instruction should direct the jury to fix a determinate or indeterminate sentence, if the accused were found guilty. The jury did pronounce an indeterminate sentence of three to five years, when in fact it should have been instructed to pronounce a determinate sentence, and should have pronounced such a sentence. The court, evidently convinced of the error, changed the sentence to three years instead of the former three to five-year sentence. See *Code* § 24-104 (6); *Rutland v. State,* 14 Ga. App. 746 (82 SE 293); *Gobles v. Hayes,* 194 Ga. 297 (21 SE2d 624).

It is obvious that there was some confusion on the part of all parties concerned, but any errors involved were trifling and were harmless. In fact, as the jury announced a sentence from three to five years and the judge sentenced for three years, any error could only benefit the accused.

As the errors were minor and harmless and no injury was occasioned the accused, the judgment should be sustained. See *Porter v. State,* 6 Ga. App. 770, 771 (2) (65 SE 814); *Alford*

*v. State,* 33 Ga. 303 (1) (81 AD 209) ; *Vun Cannon v. State,* 208 Ga. 608, 614 (68 SE2d 586).

*Judgment affirmed. Bell, P. J., and Pannell, J., concur.*

ARGUED MAY 1, 1967—DECIDED MAY 26, 1967.

*Atkins & Atkins, Ben S. Atkins,* for appellant.
*Floyd G. Hoard, Solicitor General,* for appellee.