46227.   SADLER v. THE STATE.

EVANS, Judge. The defendant was indicted on the 23rd of July, 1970, by the grand jury of Richmond County for the offense of possession of narcotics in that on the 20th day of June, 1970, he "did then and there have in his possession narcotics, to wit: Marijuana and Marijuana Plants, Hashish, Lysergic Acid Diethylamide, Amphetamine Capsules . . ." A general demurrer and motion to quash was duly filed, heard, and denied. The substance of the motion is that the indictment does not specify a crime for which the defendant may be tried and found guilty, and that said indictment is void under the law in that the sub-

stances alleged to be narcotics are not and were not, at the time of the indictment, classified as narcotics, according to the laws of Georgia.

The General Assembly, in an Act approved March 20, 1970 (Ga. L. 1970, pp. 470, 472) but effective July 1, 1970, amended subsection 14 of § 79A-802, by striking marijuana or any substances containing any quantity thereof as a "narcotic drug," and designated it as a "depressant or stimulant drug." Under Georgia Laws 1967, pp. 296, 377 (*Code Ann.* § 79A-9915) a different penalty applies to the possession of depressant and stimulant drugs, and counterfeit drugs, than that of possession of a narcotic drug. By Georgia Laws 1970, pp. 462, 463, any person who manufactures, processes, distributes, obtains or possesses lysergic acid diethylamide (LSD) shall be guilty of a felony and be punished therefor. The case is held for immediate review by reason of a certificate by the trial judge. *Held:*

The sole basis for the motion is, in general terms, that the law has been changed effective July 1, 1970 (the indictment was returned July 23, 1970), making marijuana and its derivatives a *depressant or stimulant drug,* instead of a "narcotic," and the indictment is subject to general demurrer in charging defendant with the offense of possession of narcotics. The New Criminal Code effective July 1, 1969, while specifically repealing Code § 26-103, effectively readopted the same language in the new *Code Ann.* § 26-103, as follows: ". . . a crime must be construed and punished according to the provisions of the law existing at the time of the commission thereof . . ." This has been the law in this State for a long time. See *Reynolds v. State,* 3 Ga. 53 (1); *Jackson v. State,* 12 Ga. 1, 4; *Patton v. State,* 80 Ga. 714 (1) (6 SE 273); *Dixon v. State,* 111 Ga. App. 556 (1) (142 SE2d 304). Thus the court did not err in denying the motion to quash the indictment. Further, the change in the law was merely a change in the description of illegal drugs. It is also noted that here the motion to quash was made after pleading to the merits, and the law requires such motions to be filed prior to pleading to the merits. See *Code* §§ 27-1501, 27-1601; *Gazaway v. State,* 9 Ga. App. 194 (70 SE 978); *Gilmore v. State,* 118 Ga. 299 (1) (45 SE 226), and cases cited at p. 300;

*Frady v. State,* 212 Ga. 84 (90 SE2d 664); *Jordan v. State,* 121 Ga. App. 303 (173 SE2d 462).

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*

ARGUED MAY 6, 1971—DECIDED JUNE 15, 1971—
REHEARING DENIED JULY 15, 1971.

*Cumming, Nixon, Yow, Waller & Capers, Samuel C. Waller, C. Thomas Huggins,* for appellant.

*R. William Barton, District Attorney,* for appellee.