## 46463.   PRICE v. THE STATE.

QUILLIAN, Judge. The defendant was indicted, tried and convicted of the offense of possessing and controlling a narcotic drug (marijuana). His motion for new trial was overruled and appeal was taken to this court. *Held:*

1. The defendant contends that under the Acts of 1970 (Ga. L. 1970, p. 470) that marijuana is no longer classified under the Uniform Narcotic Drug Act (Ga. L. 1967, pp. 296, 327; *Code Ann.* § 79A-802 (14)), and thus the defendant's conviction under this section was unauthorized. The 1970 Act to which the defendant has reference was effective July 1, 1970. The defendant was convicted for the commission of a crime which occurred September 12, 1969, at which time marijuana was included under the Uniform Narcotic Drug Act. Thus, the 1967 law is controlling here (Ga. L. 1967, pp. 296, 327). *Barton v. State,* 81 Ga. App. 810, 814 (60 SE2d 173); *Dixon v. State,* 111 Ga. App. 556 (1) (142 SE2d 304); *Sadler v. State,* 124 Ga. App. 266 (183 SE2d 501). See in this connection *MacDougald v. State,* 124 Ga. App. 619 (184 SE2d 687). See old *Code* § 26-103 and new *Code Ann.* § 26-103 (Criminal Code of Georgia, Ga. L. 1968, pp. 1249, 1260).

2. It is urged that the trial judge's charges on punishment were incorrect and misleading. There is no merit in this contention.

The trial judge first charged the jury in the language of the statute (*Code Ann.* § 79A-9911; Ga. L. 1967, pp. 296, 375) that one in violation of Code Chapter 79A-8 "shall, upon conviction, be punished by a fine of not more than $2,000 and by imprisonment in the penitentiary for not less than two nor more than five years." He then charged that under U. S. Supreme Court rulings if the jury decided to give the maximum sentence (five years) they could not impose the fine.

It is apparent that the defendant did not receive the maximum sentence and therefore was not harmed by any alleged error in the charge. Moreover, the charge was, if anything, favorable to the defendant and hence was not error. *McCall v. State,* 87 Ga. App. 185 (4) (73 SE2d 245); *Powell v. State,* 115 Ga. App. 791 (156 SE2d 188).

3. It is contended that the court erred in charging with regard to *Code Ann.* §§ 79A-811 (2) and 79A-812 (Ga. L. 1967, pp. 296, 336, 337) in that the charge referred to "pharmacy" or "drug dispensary" rather than "apothecary" as is provided in the Code sections. In view of the definition of "apothecary" contained in *Code Ann.* § 79A-802 (7) (Ga. L. 1967, pp. 296, 326) the language used by the trial court is at least substantially equivalent to the statutory language. Moreover, even if the language be considered as inexact, the defendant was not harmed by the charge in question. "If a judge uses languages in his charge that might be erroneous, it is not ground for a new trial if such error is harmless." *Williams v. State,* 180 Ga. 595 (3) (180 SE 101). See *Fry v. State,* 81 Ga. 645 (8 SE 308); *Siegel v. State,* 206 Ga. 252 (2) (56 SE2d 512).

4. Enumerations of error with regard to the sufficiency of the evidence to sustain the verdict are without merit.

*Judgment affirmed. Jordan, P. J., and Evans, J., concur.*

Submitted September 13, 1971—Decided November 15, 1971.

*William Holly,* for appellant.
*Ben F. Smith, District Attorney,* for appellee.