## 67256. McARTHUR v. THE STATE.

BIRDSONG, Judge.

Clinton Lamar McArthur was charged with obstructing an officer in the execution of his official duties and with public drunkenness. After a jury trial, he was found not guilty of obstruction but guilty of public drunkenness. He was sentenced to twelve months on probation and the payment of a $500 fine. McArthur brings this appeal enumerating five alleged errors. *Held:*

1. In his first enumeration of error, McArthur argues that he was denied the right to enter and have the trial court consider a demurrer to the indictment. The records show and the trial court stated on the record as a matter of fact, that McArthur was scheduled for arraignment on December 20, 1982. McArthur appeared without counsel on that day and was asked how he wanted to plead. McArthur entered a plea of guilty. However, the trial court advised McArthur that the charge was serious enough to warrant the services of an attorney and refused to accept the guilty plea. Accordingly, we conclude the trial court elected to treat the plea as one of not guilty and the case was set for later trial after McArthur obtained the services of an attorney. On January 12, 1983, McArthur appeared for trial and at that time his newly retained counsel (on the day of trial) sought to enter a demurrer to the indictment. The trial court refused to consider the demurrer ruling that the demurrer came too late.

The purpose of arraignment is to put the defendant on notice as to the charges against him. Thus arraignment is satisfied where the indictment is read to the defendant and a plea is entered. *Fears v. State,* 125 Ga. 739 (2) (54 SE 667); *Clark v. State,* 138 Ga. App. 266, 271 (7) (226 SE2d 89). Regardless of how made, generally a motion for demurrer to an indictment must be made in writing at time of arraignment and before pleading to the merits. *Sadler v. State,* 124 Ga. App. 266 (183 SE2d 501). Where such motion is not made at the proper time, it is deemed to have been waived. *Bryant v. State,* 224 Ga. 235 (161 SE2d 312); *Hardwick v. State,* 158 Ga. App. 154 (279 SE2d 253). We find no abuse of discretion by the trial court in concluding that the demurrer was not timely filed.

2. The remainder of appellant's enumerations within the context of the evidence are without merit.

(a) There was sufficient evidence presented as to obstruction of an officer to warrant a denial of appellant's motion for a directed verdict of acquittal, even though in its verdict the jury found McArthur not guilty of that charge. *Merino v. State,* 230 Ga. 604 (198 SE2d 311); *Allen v. State,* 137 Ga. App. 302, 303 (223 SE2d 495). The argument that the denial of the motion placed an unfair burden upon

appellant to defend himself against the public drunkenness charge is novel but non-meritorious. It is a truism that all criminal charges tend to work prejudice to one accused thereof.

(b) Appellant contests the weight of the evidence to support the finding of guilty of drunkenness. We do not weigh the evidence; that is a jury function. *Ridley v. State,* 236 Ga. 147 (223 SE2d 131). Nevertheless, evidence showed numerous witnesses observed that McArthur's speech was slurred, that he was stumbling, falling on people, sat in a lady's lap (at a music concert), occupied a seat not assigned to him, stood upon a chair, and was dancing in spite of repeated objections to such conduct, exhibited belligerence, strongly smelled of alcohol, and uttered vulgar, loud and obscene language in the presence of men, women and children. Such conduct clearly warranted McArthur's arrest and conviction of public drunkenness. *Young v. State,* 155 Ga. App. 598 (271 SE2d 731).

(c) We find no inconsistency in the verdict of not guilty of obstruction and the verdict of guilty of public drunkenness. Though one crime probably tended to illuminate the other, the conduct manifested by each is of a separate character and not dependent one on the other.

(d) Lastly, we find no error in the trial court's insistence that counsel for McArthur present his opening statement immediately following that of the state. There was no evidence presented by the defense except through cross-examination, and thus no case to introduce by way of an opening statement following the state's case. Clearly appellant was not denied wholly the right to make a statement, only the timing thereof. This falls within the discretion of the trial court. We find no abuse of that discretion. *Berryhill v. State,* 235 Ga. 549, 550 (3) (221 SE2d 185); *Bowman v. State,* 144 Ga. App. 681 (1) (242 SE2d 480).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 22, 1983 —
REHEARING DENIED DECEMBER 12, 1983 —

*H. Michael Bray, N. Jackson Harris,* for appellant.
*Darrell E. Wilson, District Attorney, Gerard P. Verzaal, Assistant District Attorney,* for appellee.