## 67419. MIDDLEBROOKS v. THE STATE.

BIRDSONG, Judge.

George Ray Middlebrooks was convicted of armed robbery and sentenced to serve a life sentence. He brings this appeal enumerating four alleged errors. *Held:*

1. Middlebrooks urges error in the denial of his motion for a directed verdict of acquittal. A perusal of the transcript shows the jury was warranted in concluding the following sequence of events. The victim and his wife managed a pharmacy. The pharmacy was attached to an apartment in which the victims lived. The pharmacy routinely was closed at about 6:30 p. m. each evening. At about that time on the evening of the robbery, the victims had closed the pharmacy and retired to their apartment. Suddenly the door leading from the apartment to the pharmacy burst open and a black man with a stocking mask, wielding a pistol, entered the bedroom where the pharmacist was seated on a bed. The masked man demanded the money or receipts for the day. In a moment, two other black men, both taller than the first, entered the apartment, one also carrying a pistol. The victim's wife was in another room lying on a couch. She was required to lie face down on the floor, and a four-year-old child was placed beside her and tied with a belt.

The pharmacist was required to take the first robber back into the pharmacy where the contents of the cash register were secured by the robbers. In the cash drawer were checks made payable to the pharmacy, receipts for delivery of soft drinks for that day, and a register tape for money deposited to the register. There was also a cardboard folder with compartments which was utilized to separate the denominations of bills in the register and contained receipts, etc. After the cash register was emptied, the three robbers exited the store. The pharmacist went to the door of the apartment and observed the three men enter a yellow car that appeared to be an auto manufactured by General Motors. After entering the car, the three men apparently discussed something for a moment and then drove away. While the men were talking, the wife called the police, giving a description of the men, the color of the car, and the direction in which it was proceeding.

A police officer received a radio transmission of the occurrence of the robbery and the descriptions above described. In just a few moments, he observed a yellow Chevrolet driving in the direction and on the highway the robbers had been seen departing the scene of the robbery. The car contained what appeared to be three black passengers. The officer gave chase. He continued the chase for approximately 15 miles at speeds up to and in excess of 100 mph,

making every effort to stop the car and apprehend its passengers. Ultimately at a road block, an officer shot off the tire of the evading auto, causing it to crash into a ditch. Two of the black men temporarily evaded apprehension by running into a wooded area. The third surrendered when confronted with a shotgun-wielding police officer. That third person was determined to be the driver of the car and was the appellant Middlebrooks. Middlebrooks was seen placing on the ground or dropping a bundle containing cash and almost $1,700 in checks made payable to the pharmacy. A search of the wrecked vehicle disclosed a cardboard folder with receipts for soft drinks and a cash register tape made out as of that date by the pharmacy. Three stocking masks were found in the car and a pistol was found. At trial though the two victims stated they could not identify the face of any of the robbers, Middlebrooks was shown to be of about the same height, weight and general configuration of the first robber who came into the apartment and removed the money from the cash register.

Only where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law, is it error for a trial court to refuse to direct a verdict of acquittal. *Merino v. State,* 230 Ga. 604 (198 SE2d 311). In reviewing the overruling of a motion for a directed verdict of acquittal, the proper standard to be utilized by this court is the presence of evidence sufficent to support the jury's finding of guilt beyond a reasonable doubt. *Lee v. State,* 237 Ga. 626, 627 (229 SE2d 404). The evidence in this case pointed unerringly toward the guilt of this defendant and fully supports the jury's conclusion. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528).

2. During its opening statement the state's attorney brought out to the jury the fact that Middlebrooks' two co-accuseds had already entered pleas of guilty to the robbery charged. Appellant immediately moved for a mistrial. The trial court denied the motion for mistrial and charged the jury that the prosecutor's statement concerning the guilty pleas was to be wholly dismissed from their minds and no weight or consideration given to such statement. Appellant thereafter did not renew his objection nor the motion for mistrial.

Later during the trial of the case, a GBI agent testified that he had participated in the investigation of the case. During that investigation, the agent had interviewed one of the other co-defendants and obtained a statement from him. Upon objection to this line of testimony, the trial court sustained the objection and neither the nature nor contents of the co-accused's statement was ever brought to the attention of the jury. Once again, counsel for appellant moved for a mistrial. The trial court denied the motion in

view of the fact that the nature of the statement was never brought to the attention of the jury. Although the court offered to give a curative instruction concerning the unanswered question, counsel for Middlebrooks expressly requested that such an instruction be not given.

When a motion for mistrial is made on the ground of inadmissible evidence placed before the jury, the corrective measure to be taken by the trial court is largely a matter of discretion. *Parrish v. State,* 160 Ga. App. 601, 604 (287 SE2d 603). Likewise, the extent of rebuke and curative instruction utilized lies within the sound discretion of the court. *Everett v. State,* 160 Ga. App. 809 (288 SE2d 233). Lastly, the action of a trial court in regard to its action upon a motion for new trial will not be disturbed unless that discretion is manifestly abused. *Lyle v. State,* 131 Ga. App. 8 (1) (205 SE2d 126).

Viewed in the light of the above, we find no prejudice in the actions of the trial court. The objection made to the remarks of state's counsel in the opening statement was sustained and the court gave firm instructions to the jury to disregard those remarks. Under such circumstances, the grant of a mistrial is not demanded. *Lenear v. State,* 239 Ga. 617, 619 (12, 13) (238 SE2d 407); *Perry v. State,* 139 Ga. App. 705, 706 (1) (229 SE2d 519). Even though we conclude that the remarks of the trial prosecutor were wholly unwarranted and unnecessary and thus constituted error, nevertheless, we also conclude upon the basis of the overwhelming evidence of Middlebrooks' guilt the error in context was such that it was highly probable the error did not contribute to the verdict of guilty. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869). We note that after the trial court gave its corrective charge to the jury, appellant did not renew his motion for new trial nor complain of the adequacy of the corrective charge. See *Burce v. State,* 146 Ga. App. 383, 384 (246 SE2d 412).

In regard to the second motion for mistrial, it is clear that the substance of the co-accused's statement never was divulged to the jury. The fact that appellant entered a plea of not guilty to the charge of armed robbery whereas the co-accused entered a plea of guilty certainly gives rise to an acceptable surmise that the co-accused's activities were consistent with the co-accused's guilt but a similar conclusion of guilt is not inevitable in relation to Middlebrooks. Whatever inference the question could have raised, it could never be more than mere speculation. It is likely for that reason the law of this state is that where no answer is given to an improper question, the asking of the question is harmless. *Brannan v. State,* 43 Ga. App. 231, 234 (158 SE 355). As such, the unanswered question does not furnish grounds for a mistrial. See *Jones v. State,* 139 Ga. App. 643 (229 SE2d

121).

Moreover, counsel cannot now complain that the trial court compounded the error by failing to give a corrective charge to the jury. It was only at the insistence of the appellant that such a charge was not given. He cannot now request relief from a failure to charge that resulted from his own action. See *Blakely & Son v. Humphreys,* 148 Ga. App. 281, 283 (250 SE2d 826). We find no harmful error in these two enumerations of error.

3. In his last enumeration of error, Middlebrooks complains that the trial court erred in denying his motion for new trial upon the same grounds discussed above. For the reasons stated herein, we find no error in the denial of the motion for new trial.

*Judgment affirmed. McMurray, C. J., and Shulman, P. J., concur.*

DECIDED JANUARY 13, 1984 —

*Wayne B. Kendall,* for appellant.
*Arthur E. Mallory III, District Attorney, James M. Garcia, Assistant District Attorney,* for appellee.