## 70259. REED v. THE STATE.
(330 SE2d 790)

BANKE, Chief Judge.

The defendant was convicted of a burglary which took place at the museum of the Etowah Indian Mounds in Bartow County. In this appeal, he contends that the evidence was insufficient to support his conviction and that the trial court consequently erred in failing to direct a verdict of acquittal. *Held*:

In addition to the testimony of an accomplice who implicated the defendant in the crime, there was ample circumstantial evidence to support the verdict. On the day before the crime, the defendant and his accomplice had been at the museum and had a conversation with an archaeologist employed there. The conversation lasted some 15 or 20 minutes, during which the defendant expressed a great interest in Indian artifacts and their potential value. The defendant and the accomplice each gave the archaeologist fictitious names during the con-

versation. On the night of the burglary, a rest room window and a glass door to the museum were broken. A very rare ceremonial axe was found to have been removed from its case and was eventually located outside the building with what appeared to be blood on it. The defendant and the accomplice were apprehended on a road near the museum. The defendant had a large cut on his hand when captured.

" 'Slight evidence from an extraneous source identifying the accused as a participant in the criminal act will be sufficient corroboration of the accomplice to support a verdict. [Cit.] The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine . . .' 'The conduct of a defendant before, during the time of, and after the commission of a crime, may be considered by the jury in establishing his intention and his participation, to determine whether or not such intention and conduct were sufficient corroboration of the testimony of an accomplice to sustain a conviction. This may be done by circumstantial as well as by direct evidence.' *Williams v. State*, 222 Ga. 208, 220 (149 SE2d 449) (1966)." *Smith v. State*, 238 Ga. 640, 642 (235 SE2d 17) (1977). We find the evidence in this case sufficient to enable a rational trier of fact to find the defendant guilty of burglary beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). It follows that the trial court did not err in refusing to direct a verdict of acquittal. See generally *Middlebrooks v. State*, 169 Ga. App. 507 (1) (313 SE2d 764) (1984).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED APRIL 15, 1985.

*Susan M. Lipscomb*, for appellant.
*Darrell E. Wilson, District Attorney*, for appellee.