70786. THE STATE v. TOLLISON.
(335 SE2d 153)

McMURRAY, Presiding Judge.

The defendant was charged by accusation with three counts of simple battery. On November 16, 1984, the defendant waived formal arraignment and acknowledged receipt of the accusation. The defendant pleaded not guilty to all three counts of the accusation and announced "ready" for trial on March 25, 1985. After a jury was empaneled and prior to presentation of evidence, the defendant orally moved that Counts 2 and 3 of the accusation be dismissed on the grounds that both counts failed to allege the time and place of occurrence of the offenses charged. The record shows that the accusation was prepared on a pre-printed form wherein the caption preceding all counts stated: "STATE OF GEORGIA, COBB COUNTY." (All three counts were contained on the same page in a space provided thereon.) Count 1 alleged the offense of simple battery to have been committed in Cobb County on the 23rd day of September 1984, against Officer Mary Baer and Counts 2 and 3 further charged the defendant with simple battery against two other victims. Detective Jerry Rice was named as the victim in Count 2 and Dr. Gerald Bortolazzo was named as the victim in Count 3. Counts 2 and 3 did not allege the place and date of occurrence of the offenses charged. Our review of the record reflects an affidavit by the law enforcement officer who appeared before the magistrate who issued the warrant for defendant's arrest. This officer deposed that "TODD TOLLISON . . . did . . . on the 23rd day of September, in the year 1984, in Cobb County, Georgia, commit the offense of SIMPLE BATTERY - 3 Counts . . . for that the said accused did on the above date at Cobb General Hospital Emergency Room, Austell Road, Austell, Cobb County, Georgia while being treated at the incident location, went into a rage and struck Officer Mary Baer in the face with his fist and then shoved and struck Det. Jerry Rice and Dr. Gerald Bortolazzo with his fist causing physical harm to all three victims." During the argument on defendant's oral motion to dismiss Counts 2 and 3 the State contended that de-

fendant had raised the objection after issue had been joined and this failure amounted to a waiver under OCGA § 17-7-113 which provides "[a]ll exceptions which go merely to the form of an . . . accusation shall be made before trial." Trial counsel for the defendant responded it would be "fruitless to bring a demurrer to the accusation prior to trial, when all the solicitor has got to do is nol pros and redraw. It is not my job to teach the solicitor's office how to draw an accusation." At the conclusion of the hearing on defendant's motion the trial court granted the motion and dismissed Counts 2 and 3 of the accusation. The State objected and requested a certificate of immediate review. The State's request was denied and the trial proceeded on Count 1 of the accusation. On March 26, 1985, the jury returned a guilty verdict upon Count 1. The State now appeals, challenging the court's grant of the defendant's motion to dismiss Counts 2 and 3 of the accusation. *Held*:

"Regardless of how made, generally a motion for demurrer to an indictment must be made in writing at time of arraignment and before pleading to the merits. *Sadler v. State*, 124 Ga. App. 266 (183 SE2d 501). Where such motion is not made at the proper time, it is deemed to have been waived. *Bryant v. State*, 224 Ga. 235 (161 SE2d 312); *Hardwick v. State*, 158 Ga. App. 154 (279 SE2d 253)." *McArthur v. State*, 169 Ga. App. 263 (1) (312 SE2d 358).

The defendant has failed to demonstrate that he would be unable to adequately prepare his defense to the charges in Counts 2 and 3 or that he could be subject to possible subsequent prosecution for the same offenses because of the deficiencies to which he untimely objected. It does not appear that the absence of the time and place of occurrence in Counts 2 and 3 materially affected defendant's ability to present a defense. See *Massengale v. State*, 164 Ga. App. 57, 58 (1) (296 SE2d 371); *Mobley v. State*, 164 Ga. App. 154 (1) (296 SE2d 617); and *McArthur v. State*, 169 Ga. App. 263 (1), supra.

Since the defendant's motion to dismiss Counts 2 and 3 of the accusation was untimely and there was no showing of prejudice in the defendant's ability to defend his case, we find the trial court's dismissal of Counts 2 and 3 of the accusation to be erroneous.

*Judgment reversed. Banke, C. J., and Benham, J., concur.*

DECIDED SEPTEMBER 13, 1985.

*Patrick H. Head, Solicitor, Melodie H. Clayton, Gregory M. McConnell, Assistant Solicitors*, for appellant.

*Donald F. DeFoor*, for appellee.