73184. BROWN v. THE STATE.
(354 SE2d 169)

CARLEY, Judge.

An accusation was filed which charged appellant with the offense of loitering or prowling. See OCGA § 16-11-36. The substantive allegations of the accusations were, in their entirety, that appellant had, on a specified date, "unlawfully and intentionally commit[ted] the offense of loitering or prowling by remaining at a certain place at a time or in a manner not usual for law-abiding individuals under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity. . . ." Appellant filed no pre-trial demurrer to this accusation and he was brought to trial before a jury. The jury returned a guilty verdict, upon which judgment and sentence were entered by the trial court. Appellant then filed a timely motion in arrest of judgment, predicated upon the absence in the accusation of any allegation concerning the county wherein the crime had been committed. The motion in arrest of judgment was denied and appellant filed this appeal.

The denial of the motion in arrest of judgment is appellant's sole enumeration of error. The applicable law regarding motions in arrest of judgment is as follows: "A demurrer to an indictment may be general or special. A general demurrer challenges the very validity of the indictment and may be raised anytime; the special objects merely to its form or seeks more information and must be raised before pleading to the indictment. . . . In line with the fact that a general demurrer attacks the legality of an indictment, it is permissible to raise this ground after verdict by a motion in arrest of judgment even if there was no earlier objection. [Cits.] Such a motion in arrest asserts that the indictment contains a defect on its face affecting the substance and real merits of the offense charged and voiding the indictment, such as failure to charge a necessary element of the crime. [Cit.] In contrast, a special demurrer is waived if not raised before pleading to the merits of the indictment. [Cits.]" *State v. Eubanks*, 239 Ga. 483, 485-486 (238 SE2d 38) (1977). Accordingly, the issue for resolution is whether the absence in the instant accusation of any allegation regarding the county wherein appellant committed the crime is a deficiency in the mere form of the accusation (see generally *Gazaway v. State*, 9 Ga. App. 194 (70 SE 978) (1911)) or is a matter "affecting the

real merits of the offense charged" therein. OCGA § 17-9-63.

In *Conley v. State*, 83 Ga. 496, 498 (10 SE 123) (1889), our Supreme Court held: "The constitution [of Georgia] provides that a person accused of crime shall be tried in the county where the crime was committed. This court has held from the first that it is necessary for the State to prove that the crime was committed in the county where the trial was had, and upon failure to do this new trials have been awarded. *If it is necessary to prove the county in which the crime was committed, and that it was in the same county in which the trial is proceeding, it would seem to be essential that the indictment or accusation which charges the crime upon the defendant should also allege that the crime was committed in the county in which such indictment or accusation is proceeding.* Without it the indictment or accusation is demurrable, and [a subsequent] motion in arrest of judgment [is] good." (Emphasis supplied.)

The State makes no attempt in the case sub judice to distinguish the holding in *Conley*, supra. That decision has never been specifically overruled and we have found no language in later Supreme Court cases from which it could clearly be inferred that *Conley* has been overruled by implication. No constitutional or statutory change subsequent to *Conley*, supra, has been found which would obviate the holding therein. Since this court is bound by controlling decisions of our Supreme Court, we are compelled to hold that the absence of an allegation as to the county wherein the crime was committed goes to the merits rather than to form and renders an indictment or accusation subject to a general demurrer or motion in arrest of judgment. Compare *Lambert v. State*, 11 Ga. App. 149 (74 SE 858) (1912) holding that a motion in arrest of judgment will not lie "because a blank left in the indictment for the *name of the county for which the grand jurors were sworn* has not been filled. . . ." (Emphasis supplied.)

This court's decision in *State v. Tollison*, 176 Ga. App. 35 (335 SE2d 153) (1985) is not inconsistent with the holding of *Conley v. State*, supra. We have reviewed the record in *Tollison* and that review shows that the accusation therein was on a pre-printed form which contained the following general allegations: "[T]he undersigned, prosecuting attorney for the State Court of Cobb County, on behalf of the people of the State of Georgia, do hereby charge and accuse ___ with the offense of Misdemeanor, for that the said accused *in the County of Cobb*, on the ___ day of ___, 19___, did unlawfully commit the offense of. . . ." (Emphasis supplied.) It is clear that the pre-printed general allegation that the offense had occurred "in the County of Cobb" was intended to refer to all such material allegations as might follow and was, therefore, to be incorporated into any and all of the various counts which might be specifically alleged. It is also clear that, in the absence of any subsequent differing allegation,

whatever date might be inserted in applicable blanks provided in the pre-printed form was likewise intended to refer to all the material allegations and the specific counts which followed. The defendant in *Tollison* was charged with three counts of simple battery. As against the defendant's contention that the failure to include specific allegations as to time and place in each of the separate courts was demurrable, this court correctly held that such an objection stated, at most, an exception to the form of the accusation and, issue having been joined in the case, a special demurrer on that ground had been waived. As the result of the information *already* contained in the pre-printed general allegation portion of the accusation in *Tollison*, an additional specific statement as to time and place in each separate count would constitute duplicitous reallegations and mere surplusage.

In the case sub judice, as in *Tollison*, the accusation was on a pre-printed form. However, entirely unlike *Tollison* but exactly as in *Conley*, the accusation upon which appellant was tried contained no allegation whatsoever as to the county wherein the offense occurred. The sum total of the pre-printed general allegations of the accusation now under consideration are as follows: "On behalf of the people of the State of Georgia, the undersigned, as prosecuting attorney for the county and state aforesaid, does hereby charge and accuse [*appellant's name provided in blank*] with the offense of [*the crime of loitering or prowling on a specified date provided in blank*]; for that the said defendant did: . . ." Following these pre-printed general allegations are the typewritten substantive allegations quoted at the outset of this opinion, which allegations nowhere include any county as the site of appellant's alleged offense. Under the controlling authority of *Conley v. State*, supra at 498, the absence of any allegation whatsoever as to the applicable county is not merely a defect in the form of the accusation and, "in this case the motion in arrest of judgment was good."

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 3, 1987 —
REHEARING DENIED FEBRUARY 25, 1987.

*Alice F. Hodges, Kevin J. Street*, for appellant.
*Spencer Lawton, Jr., District Attorney, Jon Hope, Assistant District Attorney*, for appellee.