74587. McDERMOTT v. THE STATE.
(359 SE2d 750)

BIRDSONG, Chief Judge.

Appellant appeals his conviction of driving under the influence of an intoxicant and improper lane usage. *Held*:

Appellant contends the trial court erred by refusing to grant a mistrial after a State's witness allegedly impermissibly placed appellant's character into evidence. Appellant's arresting officer, David Burke, was asked by defense counsel during cross-examination whether he knew appellant prior to the time of the arrest. The question apparently referred to an occasion occurring earlier that evening when Burke had seen appellant while responding to a burglar alarm at a local lounge. The response was "Yea." On redirect, the prosecutor continued that line of questioning by asking the officer how he knew appellant prior to this arrest. The officer's reply was "he had been arrested on a prior DUI in our city."

An objection and a motion for mistrial were made on the grounds that appellant had not introduced his character into evidence prior to the officer's statement. The objection was sustained and the motion for mistrial was denied. The judge immediately instructed the jury to disregard what they heard about a prior arrest of the appellant. He

told them to take it out of their minds because it was not relevant to whether appellant was guilty of the crime charged on that occasion.

The grant or denial of a mistrial is necessarily a matter that lies within the sound discretion of the trial court. Absent an abuse of that discretion, the refusal to grant a mistrial is not reversible error. *Jordon v. State*, 247 Ga. 328, 349 (11) (276 SE2d 224); *Middlebrooks v. State*, 169 Ga. App. 507, 509 (2) (313 SE2d 764). To determine whether the trial court abused its discretion, it is necessary to examine each case in light of its relevant circumstances. Some of the factors to be considered are the action taken by the court concerning the impropriety, the strength of other evidence, and the nature of the question or statement. *Sabel v. State*, 250 Ga. 640, 644 (5) (300 SE2d 663).

In the present case, the trial court took prompt and thorough corrective action, telling the jury to completely disregard the testimony. Further, the prosecutor was not aware that appellant had previously been arrested for DUI in the same town. She was merely following up on the line of questions initiated by appellant's counsel, and attempting to dispel any questionable motive for the arrest. The officer simply responded in narrative form to questions asking how he knew appellant prior to this arrest. Thus, the testimony did not appear to be an attempt to bolster a factually weak case by interjecting evidence of other crimes.

In light of the broad discretion accorded trial courts for decisions to grant or deny motions for mistrial and any corrective action taken, and considering the nature of the statement in the present case, appellant's enumeration of error is without merit.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JULY 14, 1987.

*Murl E. Geary*, for appellant.
*Spencer Lawton, Jr., District Attorney*, for appellee.