A91A0242. SMITH v. THE STATE.
(406 SE2d 532)

McMURRAY, Presiding Judge.

Via indictment, defendant Larry John Smith and Elouise Calloway were charged with selling and delivering cocaine in Cobb County, Georgia, on July 10, 1989, in violation of the Georgia Controlled Substances Act. In a trial in which only defendant Smith was tried, a jury found defendant Smith guilty and he was sentenced to confinement for ten years. This appeal followed. *Held*:

1. After the completion of voir dire and the selection of a petit jury, defendant made a challenge to the array, contending the panel of 48 was not fairly or properly impanelled because blacks were underrepresented. (Only one of the 48 jurors put upon defendant was black.) The trial judge ruled that the challenge to the array was not timely. On appeal, defense counsel contends the challenge was timely inasmuch as it was made at the first available opportunity. See *Cobb v. State*, 218 Ga. 10, 22 (4) (126 SE2d 231) ("[W]here a person accused of a crime is not afforded the opportunity to make appropriate objections to the illegal composition of the . . . jury . . . during the progress of the trial, he may raise the issue by motion for new trial . . . .") See also *McKenzey v. State*, 138 Ga. App. 88 (1) (225 SE2d 512). We disagree.

Defendant should have challenged the array when it was first put upon him. *Williams v. State*, 210 Ga. 665, 667 (82 SE2d 217); *Williams v. State*, 31 Ga. App. 173 (120 SE 131). See also *Guest v. State*, 186 Ga. App. 318 (1) (367 SE2d 105). (A jury is "put upon" defendant when the array is seated and voir dire is commenced.) Instead, defendant participated in the entire selection of the petit jury without raising this issue. He waited until the panel of 48 was reduced to 12 before notifying the trial judge that he intended to challenge the array. It cannot be said, therefore, that defendant did not have an opportunity to present his challenge in a timely fashion. Compare *Morgan v. State*, 161 Ga. App. 484 (1) (287 SE2d 739).

2. During direct examination of the undercover agent who purchased cocaine from Elouise Calloway and defendant on the day in question, the agent was asked what took place at the Heartwood Apartments. The agent responded: "Upon arriving at Apartment Number 74 at Heartwood Apartments I was to meet with an Elouise Calloway. I had met with her on a previous occasion and had purchased drugs from her four days earlier." At that point, defendant interposed an objection and moved for a mistrial, asserting he was prejudiced by the reference to another crime committed by a co-indictee. The trial court denied the motion for a mistrial. He instructed the prosecutor, however, that he was not "to taint [defendant] with anything else."

Later, on redirect examination, the prosecutor asked the undercover agent: "[W]ith regard to the scope of your investigation . . . without going into the nature of those dealings, were there any dealings in this area with related persons on July the 6th?" The agent responded affirmatively and defense counsel asked for the jury to be excused. When the jury left the courtroom, the trial judge rhetorically asked the prosecutor if he had been told to leave the subject of other dealings alone. Again, the trial judge instructed the prosecutor to "try this man on this case. . . ."

In the meantime, defense counsel interposed an objection to the prosecutor's opening statement. The trial judge informed defense counsel that his objection was not timely. Nevertheless, defense counsel was permitted to state the basis of his objection: "[The prosecutor] stated [in opening argument] that Heartwood Apartments is a hotbed of drug dealing. . . . Now this man lives there. Now, we've gone beyond a [co-indictee] to anybody in the world that lives in Heartwood who deals in drugs. It's gotten even worse. I renew my motion for mistrial." The trial court denied defendant's mistrial motion.

The trial court did not give curative instructions to the jury when defendant's mistrial motions were denied. The trial court did instruct the jury, however, at the conclusion of the charge, that it should disregard any evidence which was excluded, that it should not use such evidence in its deliberations and that it should put such evidence out of mind.

Defendant contends the trial court erred in denying defendant's mistrial motions. We disagree.

"The grant or denial of a mistrial is necessarily a matter that lies within the sound discretion of the trial court. Absent an abuse of that discretion, the refusal to grant a mistrial is not reversible error. [Cits.] To determine whether the trial court abused its discretion, it is necessary to examine each case in light of its relevant circumstances. Some of the factors to be considered are the action taken by the court concerning the impropriety, the strength of other evidence, and the nature of the question or statement. [Cit.]" *McDermott v. State*, 183 Ga. App. 693, 694 (359 SE2d 750).

Applying these factors to this case, we find no abuse of discretion: The first statement by the undercover agent was not so prejudicial as to constitute a denial of due process. See *Givens v. State*, 184 Ga. App. 498, 499 (1, 2) (361 SE2d 830). Nevertheless, after the statement was made, the trial court instructed the prosecutor not to pursue the matter. The prosecutor's subsequent question concerning "dealings" was not answered by the undercover agent. Even so, the prosecutor was again instructed to confine his questions to the case against defendant. Although the trial court did not immediately in-

struct the jury concerning the prejudicial effect of the evidence, the trial court ultimately charged the jury that it was not to consider excluded matters in its deliberations. Finally, we note that the other evidence against defendant was solid. It cannot be said that the trial court erred in denying defendant's mistrial motions.

3. At trial, defendant orally moved to dismiss the indictment because it failed to allege to whom defendant sold cocaine and precisely where and when the sale was made. The trial court overruled the motion.

Defendant contends the trial court erred in overruling his oral motion to dismiss the indictment. We disagree. "[G]enerally a motion for demurrer to an indictment must be made in writing at time of arraignment and before pleading to the merits. [Cit.] Where such motion is not made at the proper time, it is deemed to have been waived. [Cits.]" *McArthur v. State*, 169 Ga. App. 263 (1) (312 SE2d 358).

*Judgment affirmed. Andrews, J., concurs in Divisions 1, 2 and in the judgment. Sognier, C. J., concurs specially.*

SOGNIER, Chief Judge, concurring specially.

Although I agree with the result reached in Division 3, I cannot agree completely with the analysis therein. I write specially to point out that the language in the quotation therein from *McArthur v. State*, 169 Ga. App. 263 (1) (312 SE2d 358) (1983) was in all likelihood overbroad when *McArthur* was decided.

Demurrers to an indictment may be either general or special. "A general demurrer challenges the sufficiency of the substance of the indictment, whereas a special demurrer challenges the sufficiency of the form of the indictment. [Cits.]" (Footnote omitted.) *Bramblett v. State*, 239 Ga. 336, 337 (1) (236 SE2d 580) (1977). Under OCGA § 17-7-111, all demurrers to the indictment must be in writing. Special demurrers, such as the one in this case, must be made before trial. OCGA § 17-7-113. In *Bramblett*, supra, the Supreme Court held, however, that was not true of general demurrers because the sufficiency of the substance of an indictment could be made after trial by means of a motion in arrest of judgment. Therefore, " '[i]f . . . the indictment or accusation is so defective that judgment upon it would be arrested, attention may be called to this defect at any time during the trial[.] . . .' " Id. at 338, n. 2.[1]

In this case, appellant's demurrer was special, not general, and because it was oral, in violation of OCGA § 17-7-111, and untimely

---

[1] This distinction appears to have been overlooked by the adoption of USCR 31.1, which states simply that in criminal matters, "[a]ll motions, demurrers, and special pleas shall be made and filed at or before the time of arraignment, unless time therefor is extended by the judge in writing prior to trial."

pursuant to OCGA § 17-7-113, I agree that the trial court did not err by overruling it.

DECIDED JUNE 6, 1991.

*James W. Bradley*, for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.