## A91A0562. JACKSON v. THE STATE.
(404 SE2d 333)

McMurray, Presiding Judge.

Defendant was convicted of armed robbery in the Superior Court of Gwinnett County. He appeals, raising four enumerations of error. We consider the enumerations of error seriatim. *Held*:

1. The victim identified defendant as the perpetrator. She testified that "he had short black hair with a distinctive marking, I wasn't sure if it was a baldness or a discoloration in his hair. . . ."

Cross-examining defendant, the assistant district attorney asked him how long he had the "balding spot" on his head. When defendant replied that he took after his father, the assistant district attorney asked defendant if his father had the "same kind of unique bald spot. . . ." Defendant replied affirmatively. Then defense counsel objected: "I don't think there is any evidence that the bald spot that Mr. Jackson has is unique." The court replied: "Well, that will be a question of [fact] for the jury to decide. All right. Y'all remember the evidence. You may proceed." Following the court's reply, the assistant district attorney changed course, asking defendant about his use of cocaine.

Defendant contends the trial court erred in failing to sustain his objection to the assistant district attorney's characterization of his bald spot as "unique." In this regard, defendant insists that the word unique means "one of a kind" and that, by using the word "unique," the assistant district attorney improperly commented on the force and effect of the evidence during the evidentiary stage of the trial. We disagree.

The word "unique" does not simply mean one of a kind. It may

also mean, colloquially speaking, "peculiar," "odd," or "queer." Webster's New Intl. Dictionary (2d ed. 1960). Thus, by referring to defendant's "bald spot" as "unique," the assistant district attorney was simply picking up on the victim's characterization of defendant's hair as "distinctive."

We fail to see how the assistant district attorney's use of the word "unique" amounted to a remark on the force or effect of the evidence. Compare *Bryant v. State*, 197 Ga. 641 (30 SE2d 259). Besides, defendant has failed to demonstrate how he was harmed by the word "unique." After all, the jurors could see defendant's "bald spot" and decide for themselves whether it was "distinctive," "unique," "peculiar," "odd," or "queer." Defendant's first enumeration of error is without merit.

2. Taking the stand in his own defense, defendant testified that he committed several other armed robberies (in DeKalb County) using a "BB" gun. Cross-examining defendant on this point, the assistant district attorney asked: "Would it surprise you if each of the victims from these DeKalb robberies told this jury that it looked exactly like a real gun? That wouldn't surprise you, would it?" Before defendant answered the question, defense counsel interposed an objection, adding: "[T]here is no testimony . . . about what the DeKalb victims would have said or did say." The trial court sustained the objection with a simple "yes" and the assistant district attorney went on to another line of questioning.

In his second enumeration of error, defendant contends the trial court erred in failing to (1) "clearly" rule on his objection and (2) give a curative instruction to the jury. This contention is meritless. The trial court ruled in favor of defendant — the question posed by the assistant district attorney was not answered. With regard to a curative instruction, we fail to see the need for one. Moreover, defendant did not request one.

3. During direct examination of defendant, defendant was asked a question which called for hearsay. The trial court sustained the State's objection to the question. Defense counsel informed the court that defendant was simply going to explain why he pleaded guilty to the other armed robbery charges. No offer of proof was made.

In his third enumeration of error, defendant contends the trial court erred in sustaining the State's objection. We disagree. "As a general rule, in order for a refusal to permit a witness to answer a question propounded to him by his counsel to constitute a ground for new trial, it must appear that a pertinent question was asked, that the court ruled out an answer, that a statement was made to the court at the time, showing what the answer would be, and that such testimony was material and would have benefited the complaining party." *Barron v. Barron*, 185 Ga. 346 (2), 347 (194 SE 905). No proper offer

of evidence having been made, it cannot be said that the trial court erred in sustaining the State's objection.

4. The trial court charged the jury: "Our law provides that every person is presumed innocent until he is .proved guilty, and that no person shall be convicted of a crime unless the state proves each essential element of such crime beyond a reasonable doubt." The charge *substantially* apprised the jury that defendant entered the trial with a presumption of innocence and that the presumption remained until rebutted by proof satisfying the jury of defendant's guilt beyond a reasonable doubt. *Locklear v. State*, 131 Ga. App. 536, 538 (7) (206 SE2d 527). See also *Blair v. State*, 179 Ga. App. 519 (347 SE2d 337). It was not erroneous. Defendant's final enumeration of error is without merit.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED MARCH 13, 1991.

*Nelson H. Turner*, for appellant.

*Thomas C. Lawler III, District Attorney, R. Keith Miles, Assistant District Attorney*, for appellee.