## S91A0298. BENTLEY v. THE STATE.
(404 SE2d 101)

BENHAM, Justice.

This appeal is from appellant's conviction of murder, armed robbery, kidnapping, and theft by taking.[1] Appellant contends on appeal that the evidence adduced at trial was insufficient to support the convictions and that the trial court erred in failing to inform counsel prior to closing argument what action would be taken on requests to charge.

1. Among the witnesses for the State at trial were Robert Wright and Jennifer Hand, who were indicted with appellant and who had entered pleas of guilty before trial. From their testimony and that of supporting witnesses, the jury was authorized to conclude that Wright enlisted Hand and appellant to participate in a scheme to rob the victim, with whom Hand had a previous relationship; that the three conspirators persuaded the victim to open his convenience store to give them some gasoline; that Wright sat behind the victim as the victim drove the conspirators in his car to the place they said their

---

[1] The offenses were committed on August 13, 1989, and appellant was indicted on January 10, 1990. Bentley was tried on April 30 and May 1, 1990, and was sentenced on the same day the verdict was rendered. His motion for new trial filed June 1, 1990, was denied on September 12, 1990. Pursuant to a notice of appeal filed October 3, 1990, the record and transcript were filed in this court on November 30, 1990. The appeal was submitted to this court without oral argument on January 11, 1991.

car was located; that Wright put a knife to the victim's neck and demanded money, stabbing the victim in the neck when he reached for a gun which was beside him on the car seat; that Hand and appellant got out of the car while the struggle went on, but returned to the car and proceeded with Wright to look for the victim's money while the victim died of the knife wounds Wright had inflicted; that the conspirators dumped the victim's body in a nearby swamp and went to Atlanta with the victim's car, gun, and store receipts, which were found in the car; that the conspirators drove to Tennessee, bought another car, and abandoned the victim's car there; and that the conspirators remained together until they were apprehended, sharing the money stolen from the victim. The evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. When a defendant raises and testifies in support of an affirmative defense, the State has the burden of disproving that defense beyond a reasonable doubt. *State v. Royal*, 247 Ga. 309 (1) (275 SE2d 646) (1981). Appellant contends that the State failed to disprove his defense of abandonment, but we disagree. Although appellant testified that his presence during and after the killing was due only to coercion, there was other testimony that he was a willing participant in every stage of the offenses, including testimony that he had equal access to the money and the gun, and that he was the one who eventually threw the victim's pistol out of the car window while they were being chased by the police. The determination of whether the State has met its burden to disprove the affirmative defense is for the jury, id., and the jury's determination in the present case that the burden was met was supported by the evidence.

3. Appellant contends he is entitled to a new trial because of the trial court's failure to comply with the requirement in OCGA § 5-5-24 (b) that counsel be informed before closing argument of the trial court's proposed action on requests for jury instructions. The record shows that the trial court conducted a charge conference prior to closing argument, but dealt only with charges to which one of the parties objected. Nothing was said during that conference regarding the charges appellant had requested on the subjects of criminal attempt and abandonment. However, after closing argument, the trial court informed defense counsel that the requested instructions would not be given. The trial court's action was clearly in violation of the statutory commandment that counsel be informed before closing argument of the trial court's proposed action on requests for jury instructions.

Under the peculiar facts of this case, however, we do not find the error to require reversal of appellant's conviction. The jury charges involved were not supported by the evidence at trial. Indeed, the re-

fusal of those charges is not an issue on appeal. In the course of charging on conspiracy, the trial court gave a charge on abandonment which counsel conceded in a colloquy with the trial court was sufficient on that subject. Although this court does not condone the failure of the trial court to comply with a statutory mandate, the record of this particular case reveals that the error caused no harm to appellant. We decline, therefore, to reverse appellant's conviction on that ground.

*Judgment affirmed. All the Justices concur, except Hunt, J., who concurs in the judgment only.*

WELTNER, Justice, concurring.

I agree with the result of the opinion, and with the judgment. I write to discuss a problem in the trial of cases, as reflected in this appeal.

1. The problem is OCGA § 5-5-24 (b), which requires that the charge to the jury be given *after* argument of counsel. What that means is:

(a) the trial judge must describe to counsel the anticipated elements of the charge, before it is given;

(b) the lawyers must remember the trial court's delineation of the charge, and must address the application of legal principles in the arguments only *tentatively* — that is, they continually must intone the ritualistic phrase: "I anticipate that the court will charge you, etc. . . ."

(c) the jury must learn from the lawyers, and must recall, several versions of what "the law" *may* be, and then must disregard all gradations that *differ* from what the trial court says "the law" is — after the argument.

2. That order of proceeding is, of course, the opposite of rational. In accord with the basic logic of the syllogism, the jury is supposed to take "the law" (major premise) from the court; take "the facts" (minor premise) from the evidence; and return its verdict (conclusion), which should be consistent with the law and the truth. Instead, the Code section requires that, *after* hearing all the evidence from which the jury could derive the minor premise ("the facts"), the lawyers of the case then speculate before the jury as to potential major premises ("the law") that the trial court *may* declare to the jury. As the final act of the whole event, the trial court lays before the jury the major premise ("the law"). Thus, the trial court tells the jury, at the end of the trial, what it should have known from the beginning of the trial.

The situation is this: in the evidentiary phase, lawyers dispute for days what *happened*, with practically no effort made to inform the

jury as to why *whatever* happened might be significant. In the argument, they again dispute what happened (as their differing interpretations of the evidence might be significant under competing theories of recovery and defense), based upon principles of law that they *anticipate* will be the subject of the court's charge. At the end of the proceedings, the trial court finally tells the jury "the law" that the jury needs to know in order to find "the facts."

3. A better practice would be to commence the trial with a substantial charge that outlines the major principles of law that likely will be raised by the evidence. After the evidence is closed, the court should conduct a conference concerning the content of the charge, and *then* give the charge. Counsel, having heard the charge, then may argue the principles of law as instructed by the court. Following the argument, the court may conclude the case with brief instructions concerning the form of the verdict.

DECIDED MAY 10, 1991.

*Allen M. Trapp, Jr.,* for appellant.
*William G. Hamrick, Jr., District Attorney, Michael J. Bowers, Attorney General, Mary H. Hines,* for appellee.