## S04A0551. WRIGHT v. THE STATE.
### (596 SE2d 587)

FLETCHER, Chief Justice.

Robert Gainous Wright filed an "extraordinary motion to modify void sentence" in order to challenge the malice murder indictment to which he pled guilty. The trial court denied the motion and he appeals. We affirm.

In 1990, Wright was indicted in Carroll County for malice murder, felony murder, armed robbery, kidnapping, and theft by taking arising out of the stabbing death of Ronald Rooks.[1] Wright pled guilty to all counts, except felony murder, which the State nol prossed. Wright was sentenced to life in prison for malice murder, a consecutive life sentence for armed robbery, a consecutive 20-year sentence for kidnapping, and a consecutive five-year sentence for theft. In 2003, Wright filed an "extraordinary motion to modify void sentence" in the Superior Court of Carroll County. He contends that his malice murder conviction is void because the indictment failed to allege venue and thus failed to allege every essential element of the crime. His motion also raises a claim of ineffectiveness of counsel. The trial

---

[1] The facts of the case are stated in the opinion affirming the conviction of Wright's co-indictee. *Bentley v. State*, 261 Ga. 229 (404 SE2d 101) (1991).

court denied the motion, and Wright filed a notice of appeal in the Court of Appeals, which properly transferred the case to this Court because it involved a murder conviction.[2]

Wright is essentially seeking to vacate the judgment of conviction for malice murder. However, we have consistently held that a motion to vacate a judgment will not lie in a criminal case.[3] OCGA § 17-9-4, which provides that "[t]he judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it" is not contrary to this longstanding rule. As we have recently recognized, however, this provision does not authorize a departure from the recognized procedures for challenging a criminal conviction.[4]

Looking to the substance of Wright's claims, we conclude that his first claim is cognizable in a motion in arrest of judgment under OCGA § 17-9-61.[5] However, a motion in arrest of judgment must be filed within the same term of court in which the judgment was entered, and therefore, Wright's motion is untimely.[6]

Wright's claims are also cognizable in a habeas proceeding.[7] Although a habeas petition would not be untimely, we cannot construe Wright's claim as a habeas petition because it was filed in the convicting court rather than in the county in which the petitioner is incarcerated.[8] Finally, we cannot construe the motion as an extraordinary motion for new trial since that remedy is not available to one who pled guilty.[9]

Accordingly, the trial court properly denied relief.

*Judgment affirmed. All the Justices concur.*

CARLEY, Justice, concurring.

In 1990, Wright was indicted in Carroll County for several offenses. The count of the indictment charging him with malice murder did not allege the county in which he had committed it. Nevertheless, Wright entered guilty pleas before, and was sentenced by, the Superior Court of Carroll County. In 2003, he filed in that court an

---

[2] *State v. Thornton*, 253 Ga. 524 (1) (322 SE2d 711) (1984).

[3] *Lacey v. State*, 253 Ga. 711 (324 SE2d 471) (1985); *Waye v. State*, 239 Ga. 871, 874 (238 SE2d 923) (1977).

[4] *Shields v. State*, 276 Ga. 669, 671 (581 SE2d 536) (2003).

[5] *Conley v. State*, 83 Ga. 496 (10 SE 123) (1889); *Brown v. State*, 181 Ga. App. 865 (354 SE2d 169) (1987).

[6] OCGA § 17-9-61 (b); *Lacey*, 253 Ga. at 711.

[7] See *Hopper v. Hampton*, 244 Ga. 361 (260 SE2d 73) (1979); *Hicks v. Scott*, 273 Ga. 358, 359 (541 SE2d 27) (2001).

[8] OCGA § 9-14-43. See *Davis v. State*, 274 Ga. 865, 865-866 (561 SE2d 119) (2002); *Lacey*, 253 Ga. at 711.

[9] *Davis*, 274 Ga. at 866.

"extraordinary motion to modify void sentence." The trial court denied the motion, and Wright appeals.

I am constrained to agree that the majority arrives at the proper result in this case. Although Wright attacks his sentence for malice murder as void, life imprisonment is the only valid punishment which could have been imposed since the State did not seek the death penalty. What he really attacks is the validity of his underlying conviction for malice murder, asserting that, absent any allegation as to the venue of that offense, the indictment is void. He certainly could raise that issue in the context of a motion in arrest of judgment. *Conley v. State*, 83 Ga. 496 (10 SE 123) (1889); *Brown v. State*, 181 Ga. App. 865 (354 SE2d 169) (1987). As the majority correctly notes, however, it is now too late for Wright to file such a motion. OCGA § 17-9-61 (b). He cannot rely upon the asserted voidness of his life sentence to launch an indirect challenge on the underlying judgment of conviction for malice murder, when he otherwise is barred from contesting that judgment directly. See *Shields v. State*, 276 Ga. 669, 670 (2), fn. 6 (581 SE2d 536) (2003).

> While a conviction obtained without proof of venue may be "void," [cits.] and will warrant reversal and a new trial, [cits.] it does not justify the departure from the settled procedures for challenging the sufficiency of evidence used to obtain a conviction.

*Shields v. State*, supra at 671 (3). Since a motion alleging a void sentence is not a settled procedure for challenging the validity of the judgment of conviction upon which it is based, I concur in the affirmance of the denial of Wright's motion. However, I also believe that the bench and bar would benefit from a discussion of whether Wright's claim would have merit had he filed a timely motion in arrest of the judgment.

The caption of the indictment references Carroll County, and indicates that the grand jurors were chosen and sworn for that county. However, the count alleging malice murder did not incorporate that information. Compare *Eaves v. State*, 113 Ga. 749, 754 (3) (39 SE 318) (1901). Instead, the face of the indictment shows only that grand jurors from Carroll County returned an indictment in that county, which indictment contained a count charging Wright with commission of malice murder in some undesignated jurisdiction. "[T]he absence of an allegation as to the county wherein the crime was committed goes to the merits rather than to form and renders an indictment or accusation subject to a general demurrer or motion in arrest of judgment. [Cit.]" *Brown v. State*, supra at 866. See also *Conley v. State*, supra. Since the count of Wright's indictment

charging him with malice murder would be subject to a meritorious motion in arrest of judgment, then that count is void. "Such a motion in arrest asserts that the indictment contains a defect on its face affecting the substance and real merits of the offense charged and voiding the indictment, such as failure to charge a necessary element of the crime. [Cit.]" *State v. Eubanks*, 239 Ga. 483, 486 (238 SE2d 38) (1977).

The State urges that venue in Carroll County was otherwise established at the guilty plea hearing, wherein Wright acknowledged in a colloquy that the murder took place in Carroll County. However, a guilty plea does not waive the defendant's right to assert that the indictment fails to charge all of the essential elements of a crime. *Wilson v. Reed*, 246 Ga. 743 (1) (272 SE2d 699) (1980). Thus, the fact that the hearing on Wright's guilty plea supports a finding that the murder took place in Carroll County would not prevent him from challenging the sufficiency of the written indictment charging him with the commission of such an offense in that jurisdiction.

Because Wright's judgment of conviction for malice murder is void, a motion in arrest of that judgment, if timely, would have been meritorious. However, because a motion attacking the validity of the life sentence is not a viable procedural vehicle for reaching the issue, I am compelled to concur in the affirmance of the trial court's denial of the "extraordinary motion to modify void sentence."

DECIDED MAY 3, 2004.

Robert G. Wright, *pro se.*
Peter J. Skandalakis, District Attorney, Jeffery W. Hunt, Assistant District Attorney, for appellee.