## A04A1754. JACKSON v. THE STATE.
### (604 SE2d 576)

ANDREWS, Presiding Judge.

In 1988, William R. Jackson was indicted for the offense of armed robbery, found guilty by a jury, and sentenced to life imprisonment. His conviction was affirmed on appeal in *Jackson v. State*, 199 Ga.

App. 163 (404 SE2d 333) (1991). In the present pro se appeal, Jackson claims the trial court in which he was convicted erred by denying his pro se "Petition To Correct Void Sentence" and his pro se "Motion To Vacate Void Judgments," both filed in 2004. For the following reasons, we affirm in part and dismiss in part.

In his "Petition To Correct Void Sentence," Jackson claims that the life sentence is void because he was sentenced without a presentence hearing in violation of OCGA § 17-10-2. In denying this motion, the trial court correctly ruled that the failure to hold a presentence hearing did not render the sentence void. *Williams v. State*, 271 Ga. 686 (523 SE2d 857) (1999). Accordingly, the judgment of the trial court denying this motion is affirmed.

In his "Motion To Vacate Void Judgments," Jackson claims that his armed robbery conviction is void under OCGA § 17-9-4 because the convicting court lacked subject matter jurisdiction over him. Specifically, Jackson alleges that he was convicted without a "lawful complaint filed with affidavits that shows the probable cause" for his arrest. The motion essentially seeks to vacate the judgment of conviction for armed robbery. However, "we have consistently held that a motion to vacate a judgment will not lie in a criminal case." *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004). Although OCGA § 17-9-4 provides that the judgment of a court without jurisdiction of the person or subject matter is void, and that any court may so hold when it becomes material to the interest of the parties to consider the issue, this Code section "does not authorize a departure from the recognized procedures for challenging a criminal conviction." *Wright*, 277 Ga. at 811.

Nevertheless, we will consider whether the motion may be construed as one of the recognized procedures. Jackson's pro se motion cannot be construed as a habeas corpus petition because it was filed in the convicting court rather than in the county where Jackson is incarcerated. *Wright*, 277 Ga. at 811. To the extent Jackson's pro se motion can be construed as a motion in arrest of judgment under OCGA § 17-9-61, it is untimely and the trial court's denial of the motion is affirmed. A motion in arrest of judgment must be filed in the same term of court in which the judgment was entered. *Wright*, 277 Ga. at 811. Finally, to the extent Jackson's motion may be recognized as an extraordinary motion for a new trial, the present direct appeal from the denial of that motion must be dismissed. An appeal from the denial of an extraordinary motion for a new trial must be brought pursuant to the discretionary appeal procedures. OCGA § 5-6-35 (a) (7); *Pitts v. State*, 254 Ga. 298 (328 SE2d 732) (1985).

*Judgment affirmed in part and appeal dismissed in part. Miller and Ellington, JJ., concur.*

DECIDED SEPTEMBER 7, 2004 — 

William R. Jackson, *pro se.*

*Daniel J. Porter, District Attorney, Dawn H. Taylor, Lisa A. Jones, Assistant District Attorneys*, for appellee.