S12A0871. HAMMOND v. THE STATE.
(734 SE2d 396)

HINES, Justice.

Eugene Hammond appeals from the trial court's denial of his motion in arrest of judgment. For the reasons that follow, we affirm.

In 2000, Hammond was convicted in the Superior Court of DeKalb County on charges of the felony murder of his son, the aggravated assault of his wife, and of making terroristic threats toward his wife. On March 10, 2000, he was sentenced to life in prison, and an additional prison term of ten years, to be served consecutively.

This Court affirmed his convictions. See *Hammond v. State*, 273 Ga. 442 (542 SE2d 498) (2001).

On August 11, 2011, Hammond filed a motion in arrest of judgment, claiming that his indictment was void because it had failed to allege venue, and that he was improperly convicted of more than one crime arising from the same conduct. On November 1, 2011, the trial court denied the motion, finding that it was without jurisdiction to consider it because it was untimely, and expressly stating that the allegations in the motion were without merit. As "a trial court's ruling on a motion in arrest of judgment is normally directly appealable to whichever appellate court has subject-matter jurisdiction over the case [cit.]," *Lay v. State*, 289 Ga. 210, 211 (2) (710 SE2d 141) (2011), Hammond appealed to this Court.

Hammond's motion raised what would be a proper ground for a motion in arrest of judgment. See *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004). However,

> [u]nder OCGA § 17-9-61 (a), a motion in arrest of judgment must be based on a non-amendable defect that appears on the face of the record or pleadings and "must be made during the term at which the judgment was obtained." OCGA § 17-9-61 (b).

*Lay*, supra.

Hammond's motion in arrest of judgment was not filed in the term at which the judgment was obtained, but more than eleven years later, and was thus untimely. See OCGA § 15-6-3 (37).[1] The untimely motion is "a defect that limits the *trial court's* authority to grant the motion." *Lay*, supra (Emphasis in original.). In such circumstances, this Court affirms the denial of the untimely motion in arrest of judgment. Id. at 212 (3).[2]

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 19, 2012 —
RECONSIDERATION DENIED DECEMBER 12, 2012.

Eugene Hammond, *pro se.*

---

[1] Under OCGA § 15-6-3 (37), the terms of court for the Superior Court of DeKalb County commence on the "First Monday in January, March, May, July, September, and November" of each year.

[2] When a trial court is faced with an untimely motion in arrest of judgment, it may be more appropriate for the trial court to dismiss the motion than to deny it. See *Howard v. State*, 289 Ga. 207 (710 SE2d 761) (2011); *Haupt v. State*, 290 Ga. App. 616, 619, n. 1 (660 SE2d 383) (2008); *Hammock v. State*, 201 Ga. App. 614, 615 (1) (411 SE2d 743) (1991).

*Robert D. James, Jr., District Attorney, Leonora Grant, Daniel J. Quinn, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.