# Court of Appeals
# of the State of Georgia

ATLANTA,___March 31, 2015_____

*The Court of Appeals hereby passes the following order:*

**A15D0306.  LEROY INGRAM v. THE STATE.**

In 2002, Leroy Ingram was convicted of rape and false imprisonment.  We affirmed his convictions on appeal.  *Ingram v. State*, 280 Ga. App. 467 (634 SE2d 430) (2006).  In 2014, Ingram filed a motion to set aside his judgment of conviction under OCGA § 17-9-4.  The trial court denied the motion, and Ingram seeks discretionary review.  We, however, lack jurisdiction.

Although OCGA § 17-9-4 provides that a void judgment is a nullity, "this provision does not authorize a departure from the recognized procedures for challenging a criminal conviction."  *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004). "[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).  Any appeal from an order denying or dismissing such a motion must be dismissed.  See *Harper*, supra; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).  Accordingly, this application is hereby DISMISSED for lack of jurisdiction.[1]

---

[1] Ingram complains that although the caption of the trial court's dismissal order is correct, the body of the order refers to him by the wrong name.  This clerical error, however, does not entitle Ingram to any relief.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* _____03/31/2015_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ *, Clerk.*