# Court of Appeals
# of the State of Georgia

ATLANTA,___July 15, 2016_____

*The Court of Appeals hereby passes the following order:*

**A16D0445. JAMES KELLY HOWARD v. THE STATE.**

In 2010, James Kelly Howard was convicted of attempted murder, aggravated assault, aggravated battery, cruelty to children in the first degree, and other offenses stemming from his stabbing attack upon a victim and her minor daughter. We affirmed his convictions on appeal. See *Howard v. State*, 318 Ga. App. 329 (733 SE2d 859) (2012). Howard subsequently filed a pro se "Motion to Set Aside the Verdict and Vacate a Void Judgment." The trial court dismissed the motion, and Howard filed this application for discretionary appeal. We lack jurisdiction.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009); see also *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004). Any appeal from an order denying or dismissing such a motion must be dismissed. See *Harper*, supra at 218 (2); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper*, supra at 217 n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Accordingly, when a sentence is within the statutory range of punishment, it is not void. See *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, Howard does not argue that his sentence exceeded legal limits; rather, he claims that the trial court lacked subject matter jurisdiction because he was fraudulently indicted. He specifically claims that the indictment was not returned by a qualified grand jury, was not returned in open court, and was not entered into the minutes. These arguments, however, constitute challenges to the validity of Howard's convictions, not his sentence. See *Jones v. State*, 290 Ga. App. 490, 493 (1) (659 SE2d 875) (2008) (challenge regarding indictment does not raise a valid void sentence claim). Because Howard has not raised a colorable void-sentence claim, this application is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 07/15/2016
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.