# Court of Appeals
# of the State of Georgia

ATLANTA,___August 12, 2016___

*The Court of Appeals hereby passes the following order:*

**A16A2035. TORREY N. BORDERS v. THE STATE.**

In 2004, Torrey N. Borders was convicted by a jury of three counts of aggravated child molestation, aggravated sexual battery, four counts of child molestation, and criminal solicitation to commit murder, for which he was sentenced to a total of sixty-five years with forty-five years to serve in prison. Borders's convictions were affirmed on appeal in an unpublished opinion. See *Borders v. the State*, Case No. A15A2189 (decided February 17, 2016). In 2016, Borders filed a "Motion to Vacate illegal and void sentence." The trial court denied the motion and Borders filed this direct appeal. We, however, lack jurisdiction.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009); see also *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004). Any appeal from an order denying or dismissing such a motion must be dismissed. *Harper*, supra at 218 (2); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. *Harper*, supra at 217 n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Thus, when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*,

278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, Borders does not argue that his sentence exceeded legal limits; rather, he claims that the trial court lacked subject matter jurisdiction because the indictment charging him with aggravated sexual battery failed to alleged venue. This argument, however, constitutes a challenge to the validity of Borders's conviction, not his sentence. See *Jones v. State*, 290 Ga. App. 490, 493 (1) (659 SE2d 875) (2008) (challenge regarding indictment does not raise a valid void-sentence claim). Because Borders has not raised a colorable void-sentence claim, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*_____08/12/2016_____
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*