# Court of Appeals
# of the State of Georgia

ATLANTA,  February 15, 2017

*The Court of Appeals hereby passes the following order:*

**A17A1069.  RODERICK PHAON GALIMORE v. THE STATE**

Roderick Phaon Galimore filed a motion to modify his judgment of conviction, claiming that, since incarceration, he has changed for the better, thus asking the superior court to reduce his sentence to 20 years to serve 10.  The superior court denied Galimore's motion, and Galimore filed this direct appeal.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case."  *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009); see also *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004). Any appeal from an order denying or dismissing such a motion must be dismissed.  See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010); *Harper*, supra at 218 (2).

A direct appeal may lie from an order denying or dismissing a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is void or illegal. See *Harper*, supra at 217 (1), n. 1. "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  Galimore does not contend that any sentence imposed upon him falls outside of the applicable statutory range; his motion (to modify his judgment of conviction) was based on his claim that he is now reformed.

Because Galimore may not attack his judgment of conviction in this manner and

because he has not asserted a colorable void-sentence claim, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 02/15/2017
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*