# Court of Appeals
# of the State of Georgia

ATLANTA,  October 26, 2017

*The Court of Appeals hereby passes the following order:*

## A18D0135.  DALE SCOTT DAVIES, JR. v. THE STATE.

In 2013, Dale Scott Davies pled guilty to aggravated assault, robbery, burglary in the first degree, false imprisonment, and theft by taking.   In May 2017, Davies filed a "Motion to Set Aside Void Judgment." The trial court denied the motion, and Davies then filed this application for discretionary appeal.  However, we lack jurisdiction.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case."  *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009); see also *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004). The Supreme Court has made clear that such a motion "is not one of the established procedures for challenging the validity of a judgment in a criminal case." *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).  Thus, any appeal from an order denying or dismissing such a motion must be dismissed.  Id.; *Harper*, supra at 218 (2).  However, an appeal may lie from an order denying or dismissing a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper*, supra at 217 (1), n. 1.  Davies has not done so.

"Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  When a sentence is within the statutory range of punishment, it is not void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).   Here, Davies does not argue that his sentence exceeded

legal limits; rather, he contends that due to problems with the indictment and grand jury proceedings, his convictions are void. These arguments, however, constitute challenges to the validity of Davies's convictions, not his sentence. See *Jones v. State*, 290 Ga. App. 490, 493 (1) (659 SE2d 875) (2008) (challenge regarding indictment does not raise a valid void sentence claim). Accordingly, Davies's appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*C l e r k ' s    O f f i c e ,*
*Atlanta,___10/26/2017_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*