# Court of Appeals
# of the State of Georgia

ATLANTA,   December 01, 2017

*The Court of Appeals hereby passes the following order:*

## A18A0770.  ARTHUR T. WILLIAMS. v. THE STATE.

In 2011, a jury found Arthur T. Williams guilty of armed robbery, aggravated assault with intent to rob, two counts of aggravated assault with a deadly weapon, and three counts of possession of a weapon during the commission of a crime. We affirmed Williams's convictions on appeal in an unpublished opinion. See *Williams v. State*, Case No. A12A2246 (decided February 6, 2013). In November 2016, Williams filed a "motion to vacate the judgment under OCGA [§§] 17-9-4 and 17-10-13, newly discovered evidence," arguing that the trial court lacked jurisdiction over his criminal case because of a void indictment that failed to properly allege venue and a defective arrest warrant. The trial court denied the motion. Williams then filed this direct appeal. We, however, lack jurisdiction for several reasons.

First, a post-conviction motion seeking to vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a motion should be dismissed.  See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). An appeal may lie from an order denying or dismissing a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal.  *Harper v. State*, 286 Ga. 216, 217 (1), n. 1 (686 SE2d 786) (2009). Williams, however, has not done so. "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446)

(2013). When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). Williams does not contend that his sentence exceeded the statutory range of punishment; instead, he challenges the validity of his convictions.

Second, to the extent Williams's claims concerning the sufficiency of his indictment could be construed as a motion in arrest of judgment, the motion is untimely because it was not filed during the term of court at which the judgment was obtained. See OCGA § 17-9-61 (b); *Hammond v. State*, 292 Ga. 237, 238 (734 SE2d 396) (2012).

Finally, to the extent that Williams's motion can be construed as an extraordinary motion for new trial, he was required to follow the discretionary appeal procedures to obtain appellate review of the trial court's denial. See OCGA § 5-6-35 (a) (7); *Balkcom v. State*, 227 Ga. App. 327, 329 (489 SE2d 129) (1997).

For the foregoing reasons, Williams's appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* _12/01/2017_
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*