# Court of Appeals
# of the State of Georgia

ATLANTA,  January 16, 2018

*The Court of Appeals hereby passes the following order:*

**A18A0986. CURTIS L. SWINTON v. THE STATE.**

In 2012, Curtis L. Swinton was convicted of robbery by force, aggravated assault, and kidnapping with bodily injury. He was sentenced to life imprisonment plus twenty years. We affirmed his convictions on appeal in an unpublished opinion. See *Swinton v State*, Case No. A15A0727 (decided June 29, 2015). In May 2017, Swinton filed a "motion for modification for void conviction and sentence," arguing that there was insufficient evidence to support his conviction for kidnapping, the indictment was void and defective, and his sentence was "ambiguous." The trial court denied the motion, and Swinton then filed this direct appeal. We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, a direct appeal may lie from an order denying or dismissing a motion to correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 217 (1) n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, Swinton does not contend that his sentence exceeds the most severe punishment allowed. Rather, he argues that his conviction for kidnapping is void under *Garza v. State*, 284 Ga. 696 (670 SE2d 73) (2008), which redefined the asportation element of kidnapping. He also asserts that the trial court's failure to

merge several of his convictions that arise out of the same criminal conduct violates the prohibition against double jeopardy. However, these are challenges to his convictions rather than his sentence. The Supreme Court has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). Thus, Swinton is not authorized to collaterally attack his convictions in this manner.

To the extent Swinton's claim concerning the sufficiency of his indictment could be construed as a motion in arrest of judgment, the motion is untimely because it was not filed during the term of court at which the judgment was obtained. See OCGA § 17-9-61 (b); *Hammond v. State*, 292 Ga. 237, 238 (734 SE2d 396) (2012).

For the foregoing reasons, Swinton's appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   01/16/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*