# Court of Appeals
# of the State of Georgia

ATLANTA,  March 28, 2018

*The Court of Appeals hereby passes the following order:*

## A18D0367.  LABARRION HARRIS v. THE STATE.

In 2011, LaBarrion Harris pled guilty to armed robbery, aggravated assault, aggravated battery, and possession of a firearm during the commission of a felony. He was sentenced to a total term of imprisonment of 35 years, with the first 20 years to serve in prison and the remainder on probation. Harris did not file a direct appeal from his convictions and sentence. In February 2018, Harris filed a pro se "Motion to Nullify Judgment of Void Indictment," claiming that the trial court lacked jurisdiction over the indictment because his statutes of conviction were unconstitutional. The trial court summarily denied the motion, and Harris filed this application for discretionary appeal.[1]  We lack jurisdiction.[2]

---

[1] Harris recently filed a "Motion to Discharge Unconstitutional Indictment for Lack of Personal Jurisdiction and Subject Matter Jurisdiction," in which he raised the same claims as he raised in his "Motion to Nullify Judgment of Void Indictment." The trial court summarily denied that motion, and Harris filed an application for discretionary review in the Supreme Court, but that Court transferred the application to this Court on the basis that the trial court made no distinct or implicit ruling on the claims. See Case No. S18D0708 (transferred Feb. 9, 2018). That application is currently pending with this Court. See Case No. A18D0344. As the instant application involves the same claims and the trial court's summary denial of those claims, it does not implicate the Supreme Court's jurisdiction over constitutional questions.

[2] In Harris's prior appeals before this Court: (1) we affirmed the trial court's denial of his "De Novo Out of Time Appeal" and "Motion to Reduce/Modify Sentence," see Case No. A14A0811 (decided Sept. 22, 2014); (2) we dismissed

Harris's "Motion to Nullify Judgment of Void Indictment" was, in substance, a motion to vacate or set aside his convictions, and "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009); see also *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004). Any appeal from an order denying or dismissing such a motion must be dismissed. *Harper*, supra at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. *Harper*, supra at 217 n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Thus, when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, Harris does not argue that his sentence exceeded legal limits; rather, he claims that the trial court lacked jurisdiction because the indictment was based on unconstitutional statutes. This argument, however, constitutes a challenge to the validity of Harris's convictions, not his sentence. See *Jones v. State*, 290 Ga. App.

---

Harris's direct appeal from the trial court's denial of his motion to vacate a void sentence, see Case No. A18A0837 (dismissed Jan. 4, 2018); (3) we dismissed Harris's application for discretionary appeal from the trial court's denial of his motion to vacate a void judgment, see Case No. A18D0244 (dismissed Jan. 16, 2018); (4) we dismissed Harris's direct appeal from the trial court's denial of his motion to vacate a void judgment, see Case No. A18A1270 (dismissed March 5, 2018); and (5) we granted Harris's application for discretionary appeal, pursuant to OCGA § 5-6-35 (j), from the trial court's denial of his out-of-time motion to withdraw his guilty plea, see Case No. A18D0333 (granted Feb. 23, 2018).

490, 493 (1) (659 SE2d 875) (2008) (challenge regarding indictment does not raise a valid void-sentence claim). Because Harris has not raised a colorable void-sentence claim and is not authorized to collaterally attack his convictions in this manner, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*  __03/28/2018__
   *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*

_____ *, Clerk.*