# Court of Appeals
# of the State of Georgia

ATLANTA, August 02, 2018

*The Court of Appeals hereby passes the following order:*

**A18D0537. LABARRION HARRIS v. THE STATE.**

In his application for discretionary appeal, Labarrion Harris states that he was convicted of misdemeanor and felony obstruction of a law enforcement officer. Harris filed a motion in arrest of void judgment, which the trial court denied. This application ensued, but we lack jurisdiction.

Based on his application, it appears that Harris's motion, in which he argues that the indictment was unconstitutional, was, in substance, a motion to vacate or set aside his convictions, and "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009); see also *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004). Any appeal from an order denying or dismissing such a motion must be dismissed. *Harper*, supra at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. *Harper*, supra at 217 n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Thus, when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Harris argues that the trial court lacked jurisdiction because the indictment was based on unconstitutional statutes. This argument, however, constitutes a challenge to the validity of Harris's convictions, not his sentence. See *Jones v. State*, 290 Ga. App. 490, 493 (1) (659 SE2d 875) (2008) (challenge regarding indictment does not raise a valid void-sentence claim). Because Harris has not raised a colorable void-sentence claim and is not authorized to collaterally attack his convictions in this manner, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,* <u>08/02/2018</u>
     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



                                            , *Clerk.*