# Court of Appeals
# of the State of Georgia

ATLANTA, October 15, 2018

*The Court of Appeals hereby passes the following order:*

**A19A0500. RODERICK GALIMORE v. THE STATE.**

Roderick Galimore pled guilty to burglary, and following a later hearing the trial court ordered him to pay the victim restitution in the amount of $3,100. We affirmed the restitution award on appeal. *Galimore v. State*, 321 Ga. App. 886 (743 SE2d 545) (2013). Galimore subsequently filed a motion for out-of-time appeal, which was denied by the trial court. We affirmed the denial of his motion for out-of-time appeal in an unpublished opinion. *Galimore v. State*, Case No. A15A1473 (decided November 2, 2015). In 2018, Galimore filed a "Motion to Set Aside Void Judgment," asserting his conviction should be set aside based on newly discovered evidence and because his guilty plea was not voluntary.[1] The trial court denied the motion, and Galimore filed this direct appeal.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009); see also *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004). Any appeal from an order denying or dismissing such a motion must be dismissed. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010); *Harper*, 286 Ga. at 218 (2). A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.

---

[1] We dismissed Galimore's previous appeal from the denial of his motion to modify his conviction, in which he asked the trial court to reduce his sentence because he had changed for the better. See *Galimore v. State*, Case No. A17A1069 (decided February 15, 2017).

*Harper*, supra at 217 n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Thus, when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, Galimore does not argue that his sentence exceeded legal limits; rather, he claims that his guilty plea was not knowing and voluntary. Because Galimore has not raised a colorable void-sentence claim and is not authorized to collaterally attack his convictions in this manner, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,    10/15/2018*
            *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
            *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*