# Court of Appeals
# of the State of Georgia

ATLANTA,  October 17, 2018

*The Court of Appeals hereby passes the following order:*

**A19D0101.  RASHAAD DANIEL CARSON v. THE STATE.**

Rashaad Carson pleaded guilty to armed robbery, cruelty to children in the first degree, possession of a firearm in the commission of a felony, and three counts of aggravated assault with a deadly weapon. This Court affirmed his convictions and sentence on direct appeal.  See *Carson v. State,* 314 Ga. App. 225 (723 SE2d 516) (2012), overruled, in part, by *Nazario v. State,* 293 Ga. 480, 483 (2) (a) n. 1, 489 (2) (d) (746 SE2d 109) (2013).  After Carson filed a motion to correct a void sentence, the trial court granted the motion in part, merging one of the aggravated assault convictions into the armed robbery conviction. Since then, Carson has filed numerous pro se motions, including additional motions challenging his sentence as void.  On August 21, 2018, the trial court entered an order denying Carson's most recent motion to vacate void sentence.  Carson then filed this application for discretionary review.

An appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  Thus, when a sentence is within the statutory range of punishment, it is not void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Carson has not provided us with a copy of the motion he filed in the trial court. In his application, however, he contends that his sentence is void because his indictment did not charge all the essential elements of the crime. This is not a valid void-sentence argument. See id.

To the extent Carson's claim concerning the sufficiency of his indictment could be construed as a motion in arrest of judgment, the motion is untimely because it was not filed during the term of court at which the judgment was obtained. See OCGA § 17-9-61 (b); *Hammond v. State*, 292 Ga. 237, 238 (734 SE2d 396) (2012).

For the foregoing reasons, Carson is not entitled to discretionary review of the trial court's order denying his motion to vacate void sentence. This application is hereby DISMISSED for lack of jurisdiction.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, __10/17/2018_____
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.



_____, Clerk.