# Court of Appeals
# of the State of Georgia

ATLANTA,  November 16, 2018

*The Court of Appeals hereby passes the following order:*

**A19A0667.  CHAD HARGREAVES v. THE STATE.**

Following a jury trial, Chad Hargreaves was convicted of five counts of molestation and a single count each of aggravated sodomy and aggravated child molestation. The trial court sentenced him to a total term of life imprisonment. We affirmed his convictions in an unpublished opinion. See *Hargreaves v. State*, Case No. A18A0181 (decided May 25, 2018). Hargreaves then filed a pro se "Motion to Set Aside a Void Indictment," alleging that his sentence and convictions are void due to a defective indictment. Specifically, he contended that the State "falsified" the indictment and failed to follow the proper procedures to obtain a valid charging document. The trial court denied the motion, and Hargreaves now appeals. We, however, lack jurisdiction.

First, Hargreaves's "Motion to Set Aside a Void Indictment" was, in substance, a motion to vacate or set aside his convictions, and "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009); see also *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004). Any appeal from an order denying or dismissing such a motion must be dismissed. *Harper*, 286 Ga. at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). However, an appeal may lie from an order denying or dismissing a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. *Harper*, 286 Ga. at 217 (1), n. 1. Hargreaves, however, has not done so. "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that

sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). Hargreaves does not contend that his sentence exceeded the statutory range of punishment; instead, he challenges the validity of his convictions.

Second, to the extent Hargreaves's claims concerning the sufficiency of his indictment could be construed as a motion in arrest of judgment, the motion is untimely because it was not filed during the term of court at which the judgment was obtained. See OCGA § 17-9-61 (b); *Hammond v. State*, 292 Ga. 237, 238 (734 SE2d 396) (2012).

For the foregoing reasons, Hargreaves's appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   11/16/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



, *Clerk.*