# Court of Appeals
# of the State of Georgia

ATLANTA,  January 11, 2019

*The Court of Appeals hereby passes the following order:*

**A19A0981.  LABARRION HARRIS v. THE STATE.**

In October 2012, Labarrion Harris pleaded guilty to misdemeanor and felony obstruction of a police officer. On September 27, 2018, Harris filed a motion in arrest of void judgment, asserting that his convictions are void because the trial court did not make a proper determination as to whether his guilty plea was entered knowingly and voluntarily.[1] The trial court denied the motion, and Harris filed this direct appeal.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009); see also *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004). Any appeal from an order denying or dismissing such a motion must be dismissed. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Harper*, 286 Ga. at 218 (2).  A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. *Harper*, 286 Ga. at 217 n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute

---

[1] We previously dismissed Harris's application for discretionary appeal from the denial of his motion in arrest of void judgment, in which he argued that the indictment was based on unconstitutional statutes. See Case No. A18D0537 (dismissed Aug. 2, 2018).

provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Thus, when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, Harris does not argue that his sentence exceeded legal limits; rather, he claims that his guilty plea was not knowing and voluntary. Because Harris has not raised a colorable void-sentence claim and is not authorized to collaterally attack his convictions in this manner, this direct appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   01/11/2019*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*


_____, *Clerk.*