# Court of Appeals of the State of Georgia

ATLANTA, _January 13, 2021_

*The Court of Appeals hereby passes the following order:*

## A21D0159, A21D0166.  RYAN ALEXANDER MAYS v. THE STATE (TWO CASES).

Ryan Alexander Mays filed these discretionary applications from two trial court orders entered more than 12 years after his convictions. In Case No. A21D0159, he seeks review of an order denying his pro se "Motion to Dismiss Indictment and Demand for De Novo Review/Trial" entered on October 20, 2020.  In Case No. A21D0166, Mays seeks review of an order denying his "Motion to Arrest Judgment OCGA § 17-9-61" and "Enumeration of Errors," which was signed by the trial court judge on November 16, 2020.[1] For the reasons that follow, however, we lack jurisdiction.

The history of this case shows that Mays was convicted on April 2, 2008, of several counts of burglary, armed robbery, and aggravated assault, as well as one count of possession of a firearm during the commission of a crime.  On July 7, 2008, Mays filed a motion for new trial.  The trial court denied that motion on February 25, 2009, and Mays filed a notice of appeal, but we dismissed his appeal on the ground that his motion for new trial was not filed in a timely manner. See Case No. A09A1887 (dismissed June 3, 2009). After the trial court granted Mays an out-of-time appeal, Mays again sought review in this Court, and we affirmed his convictions. See *Mays v. State*, 306 Ga. App. 507 (703 SE2d 21) (2010). Thereafter, Mays filed

---

[1] This Court requested a stamped "filed" order, but Mays has not provided same.  His application was filed on December 17, 2020, 31 days after the signing of the order.

an extraordinary motion for new trial, which the trial court denied, then sought reconsideration of that order, which the trial court also denied. Mays filed an application for discretionary review of the order denying his motion for reconsideration, which this Court dismissed for lack of jurisdiction. See Case No. A17D0267 (dismissed February 9, 2017). Mays filed the motions at issue in the instant case some time thereafter, but he did not include them with his application materials, in violation of Court of Appeals Rule 31 (e) ("applicant shall include with the application a copy of any petition or motion that led directly to the order or judgment being appealed and a copy of any responses to the petition or motion"). Nonetheless, as alluded to earlier, we lack jurisdiction.

An application for discretionary appeal must be filed within 30 days of entry of the order to be appealed. OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582 (420 SE2d 393) (1992). We lack jurisdiction to consider an untimely application. See *Hill*, supra. The order that Mays seeks to appeal in Case No. A21D0159 was entered on October 20, 2020, and he filed his application 59 days later on December 18, 2020. Thus, we lack jurisdiction to consider Case No. A21D0159.

Regarding Case No. A21D0166, in which Mays seeks to challenge the order denying his motion to arrest judgment, no stamped "filed" judgment has been filed within the time allowed. Without a stamped "filed" judgment, we are unable to ascertain whether the filing is timely. The order was signed on November 16, 2020, and Mays filed his application on December 17, 2020, 31 days later. Even if we presumed a timely filing, we would nonetheless lack jurisdiction.

A motion to arrest judgment "must be based on a non-amendable defect that appears on the face of the record or pleadings and must be made during the term at which the judgment was obtained." *Lay v. State*, 289 Ga. 210, 211 (2) (710 SE2d 141) (2011) (punctuation omitted). Mays's motion is untimely because it was not filed during the term of court at which the judgment was obtained. See OCGA § 17-9-61 (b); *Hammond v. State*, 292 Ga. 237, 238 (734 SE2d 396) (2012). Accordingly, for the reasons stated above, both applications are hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*   01/13/2021
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*